*J. & W. O'Brien*, for appellant.

------◆------

## LEVI *v.* DARLING.

ATTACHMENT.—In an action for the possession of personal property, the defendant answered, *inter alia*, that he held said property as sheriff, under an order of attachment duly issued out of the office of the clerk of the *Vanderburgh* Circuit Court, against the property of A, whose property it was, &c.

*Held*, that the answer was good as a plea of property in a stranger.

SAME — RETURN OF WRIT.—The sheriff had a right to retain the writ of attachment until the return of the goods replevied from him, so that he could proceed with its execution.

SAME—BOND—APPROVAL OF.—The issuing of a writ of attachment upon the filing of a bond with the clerk, is a sufficient approval of the bond.

APPEAL from the *Vanderburgh* Circuit Court.

GREGORY, J.—This was an action by the appellant against the appellee, for the possession of a stock of groceries, alleged to be worth $14,000. The complaint, affidavit and undertaking are in the usual form.

Answer, 1. The general denial. 2. Property in *Simon Oberdorfer* and *Ben. Koltinsky*. 3. Property in the same

VOL. XXVIII.—32

parties, and that *Collyer* and *Hodgson* had before that time sued·out an attachment against the property of *Oberdorfer* and *Koltinsky*, and the defendant, being the sheriff of *Vanderburgh* county, had seized the goods mentioned in the complaint, under the attachment, and held them by virtue thereof. Demurrer to the second and third paragraphs of the answer overruled, and exception taken.

Trial by the court, finding for the defendant, that the property belonged to *Oberdorfer* and *Koltinsky*, and was lawfully in possession of the defendant as sheriff under the attachment, and was of the value of $14,000. Upon this finding, over a motion for a new trial, the court rendered judgment for a return of the property to the defendant, and for costs, in the usual form, and from this judgment the appeal is taken.

It is claimed that the second paragraph is bad, for the reason that there is an averment therein, "that the defendant was the sheriff of *Vanderburgh* county, and that he holds said property under an order of attachment duly issued out of the office of the clerk of the *Vanderburgh* Circuit Court." It is urged that the paragraph, to be good, ought to have shown that the order of attachment was issued from some court of competent jurisdiction.

A copy of the writ of attachment is made a part of the paragraph, and is valid on its face. But the paragraph is good as a plea of property in a stranger.

It is contended that the second and third paragraphs of the answer are bad, for not showing a return of the writ of attachment. There is nothing in this objection. The sheriff had just begun the execution of the writ when the goods were replevied by the appellant. The sheriff had the right to hold the writ until he got a return of the goods, so that he could proceed with its execution.

It is argued, that the second and third paragraphs of the answer each amount to an argumentative denial of the complaint, and are, therefore, bad on demurrer. Admitting this to be so, which we do not, it cannot avail the appellant

in this court, as he was not harmed by the overruling of the demurrers.

It is insisted that the court below should have granted a new trial; that there was no evidence to sustain the finding. We have looked through the testimony, which is a part of the record, and are entirely satisfied with the result arrived at by the court.

It is claimed that there was a total want of jurisdiction to issue the writ of attachment; that the bond required by statute was not approved by the clerk. It is true that the clerk's approval is not on the bond itself, but a bond was filed with the clerk, on which he issued the writ. This was an approval, as much as if he had written it under the obligation in form.

The judgment is affirmed, with costs.

*J. G. Jones* and *A. Dyer*, for appellant.

*A. Iglehart* and *C. Denby*, for appellee.