THEOPHILUS WEST, APPELLANT, VS. JOSEPH W. WOOL-FOLK, APPELLEE.

1. In issuing an attachment under sections 13, 14 and 15 of chapter 7, McClellan's Digest, page 113, the court acquires special or extraordinary jurisdiction, derived from and exercisable only according to the statute, and has the power to take such judicial action only through the modes of procedure prescribed by the statute.

2. The affidavit made by the plaintiff, upon which the writ of attachment was issued in this case, was entitled, "State of Florida, Jackson county," and the jurat was signed, "Frank Philips, Clerk." The affidavit of parties proving the removal of the defendant's property from the State, is entitled "First Judicial Circuit of Florida, Circuit Court of Jackson county," and the jurat signed "Frank Philips, Clerk Cir. Court." On the same day that these affidavits were made, and filed in the office of the Clerk of the Circuit Court, a bond, not entitled, was filed, signed by securities as required by law, but with no endorsement of approval thereon by any one, and thereupon a writ of attachment was issued out of the Circuit Court of Jackson county, properly directed, and signed by "Frank Philips, Clerk Circuit Court." The court below dissolved the proceedings on motion, for the reason, "that neither the affidavit nor bond in attachment shows in what court the proceeding is :" Held, That such judgment of the court was erroneous.

3. The clerk is not required by the statute to endorse upon the bond in attachment cases his approval thereof in writing. The fact of the issue of the writ by the clerk is evidence of such approval.

4. It is not necessary that the affidavit or attachment bond, upon the filing of which the writ issues, should be entitled in the cause ; if they are in the form prescribed by the statute, they are valid, although they do not state in what court the proceedings are had.   The writ of attachment determines that question.

Appeal from the Circuit Court for Jackson county.

In the month of December, 1883, Theophilus West, the plaintiff below and appellant here, filed in the clerk's office of the Circuit Court in and for the county of Jackson his affidavit for an attachment, as follows:

" STATE OF FLORIDA, }
   Jackson County.      }

" Before me personally came Theophilus West, who being duly sworn, deposes and says that Joseph W. Woolfolk is indebted to him, the said Theophilus West, in the sum of four hundred and twelve dollars.   That said amount is an actually existing debt, and will become due and payable on the 1st day of March, A. D. 1884, and that said Joseph Woolfolk is actually removing his property beyond the limits of the State of Florida.

                                          " THEO WEST."

" Sworn to and subscribed before me, this 21st day of December, A. D. 1883.

                              "FRANK PHILIPS, Clerk."

This affidavit bore the following endorsement: " Endorsed filed 21st Dec. 1883.

                              " FRANK PHILIPS,
                                 " Clerk Circuit Court."

On the same day the plaintiff filed in the clerk's office of Jackson county affidavit of proof, as follows:

" First Judicial Circuit of Florida—Circuit Court of Jackson County.

"THEOPHILUS WEST, PLAINTIFF,  }
vs.  } Attachment.
JOSEPH W. WOOLFOLK, DEFENDANT. }

" Before me personally appeared Theophilus West and James V. Burke, who being duly sworn say that they know that the bulk of the property of the defendant in Jackson county, Florida, consisted of bales of lint cotton ; that they know that said defendant has shipped all of said cotton or nearly all of it out of the State of Florida, and that the same is now out of the said State or in transit; and that he is now shipping corn to Columbus, Ga. That the rest of his visible property deponents are informed and believe is largely encumbered with liens and is not sufficient to pay same and plaintiff's claim.

(Signed.) " THEO. WEST,
" J. V. BURKE."

" Sworn to and subscribed before me this 21st day of December, A. D. 1883.

" FRANK PHILIPS,
" Clerk Cir. Court."

Endorsed : "Filed Dec. 21st, 1883.

" FRANK PHILIPS,
" Clerk Cir. Court."

On the same day the plaintiff filed his bond signed by himself, J. V. Burke, W. B. Barkley, Theo. D. West and C. W. Davis, in the sum of eight hundred and twenty-five dollars, conditioned as follows :.

" Whereas the said Theophilus West has this day applied for and obtained an attachment against the lands, tenements, goods and chattels of said Joseph W. Woolfolk,

now if the said Theophilus West shall well and truly," &c..
Endorsed : " Filed December 21st, 1883.

                                    " FRANK PHILIPS, Clerk."

On the same day, to wit: the 21st day of December,.
1883, the clerk issued a writ of attachment which said
writ, is as follows :

" First Judicial Circuit of Florida—Circuit Court of Jack-
son County.

" IN THE NAME OF THE STATE OF FLORIDA :

*To Andrew Scott, Sheriff of Jackson county—Greeting :*

" You are hereby commanded to attach and take into
your custody, so much of the lands, tenements, goods and
chattels of Joseph W. Woolfolk as will be sufficient to sat-
isfy Theophilus West in the sum of four hundred and
twelve dollars and costs of this suit, and that you have the
same before the Judge of our Circuit Court for the county
of Jackson on the 7th day of January, A. D. 1884, the
same being the first Monday of said month and a rule day
of this court. Herein fail not and have then and there this
writ.

" Given under my hand and seal of office, at Marianna,.
this 21st day of December, A. D. 1883.

[SEAL.]                         " FRANK PHILIPS,
                                  " Clerk Circuit Court.

" By H. C. NEAL, D. C."

Subsequently and on the 20th day of March, the plain-
tiff filed in the clerk's office his declaration, claiming to
recover of and from the defendant the sum of eight hun-
dred dollars damages. On the 16th of June, 1884, the at-
torney for the defendant, made his motion to dissolve the.
attachment and dismiss the suit, as follows :.

"In the First. Judicial Circuit of Florida—in the Circuit Court of Jackson County.

"Theophilus West, Plaintiff, vs. Joseph W. Woolfolk, Defendant.

"Suit commenced by attachment December 21, 1883. Now on this day comes the defendant, by his attorney, J. F. McClellan, and enters his appearance in this case to move the court to dismiss this suit, and does now upon the following grounds move the court to quash the bond and writ of attachment in this case and dismiss the suit from the Circuit Court of Jackson county:

1st. That there was no præcipe filed in this case.

2d. That there is no attachment bond filed in this case.

3d. That the bond filed was never approved by the Clerk of the Circuit Court of Jackson county before the writ of attachment issued, the writ being issued from the said Circuit Court of Jackson county, State of Florida.

4th. The bond filed has not two good and sufficient securities to it. It is not so approved by the Clerk. The securities are J. V. Burke, who is the head of a family, and entitled to the exemptions from forced sale, and has no property over and above his exemptions. The same is true of C. W. Davis; he is said to be in debt largely, and does not own property sufficient to pay his debts, and allow his exemptions from forced sale. Theo. D. West does not own undivided property over and above his debts to in value amount to one-half of the penalty of the bond.

5th. The bond does not show the court from which the attachment is to issue, or has been applied for. The condition of the bond is too vague, indefinite and uncertain as to the suing out the writ.

6th. The affidavit upon its face does not show that it was taken before the Clerk of the Circuit Court of Jackson

county, State of Florida, or any other clerk of a court or before a Judge or Justice of the Peace.

7th. The writ of attachment issued without a bond with two good and sufficient securities.

8th. The bond is not in double of the amount sued for.

9th. The amount sworn to is not the amount sued for. The amount due March 1st, 1884, was $420.75, and the amount sued for is only $412. The bond should have been for $841.50, instead of $825, a difference of $16.50.

For these reasons the defendant moves the court to quash the bond and writ of attachment and dismiss the case from the Circuit Court of Jackson county, State of Florida."

Endorsed : " Filed June 16, 1884.

"FRANK PHILIPS, Clerk."

On the same day defendant's attorney gave notice to the plaintiff's attorney that the motion to dissolve the attachment would be heard on June 24, 1884.

Afterwards, and on the 21st day of June, 1884, the attorney for the plaintiff filed in the office of the Clerk of Jackson county the certificate of the Clerk and the affidavits of C. W. Davis and Theo. West, as follows:

" First Judicial Circuit of Florida—Circuit Court of Jackson County.

" Theophilus West, Plaintiff, vs. Joseph W. Woolfolk, Defendant.

" I, Frank Philips, Clerk of the Circuit Court of Jackson county, Florida, do hereby certify that I did, before the issuing of the writ of attachment in this case, approve the bond for attachment filed by plaintiff on the 21st day of December, 1883. That I considered the bond sufficient, in that it is required that two or more good and sufficient sureties should sign the same. That I failed to endorse the evidence of my approval of the bond on the same merely

through inadvertence, and am now willing to endorse my approval upon the same *nunc pro tunc.*

" Given under my hand and seal of office this June 21st, 1884.

[SEAL.]				" FRANK PHILIPS,
					"Clerk. Circuit Court."

" First Judicial Circuit of Florida—Circuit Court of Jackson County.

" Theophilus West, Plaintiff, vs, Joseph W. Woolfolk, Defendant.

" Before me came Charles W. Davis, who, being duly sworn, says that he is worth over the sum of four hundred and twelve and 50-100 dollars over and above all his just debts and liabilities and above his constitutional and statutory exemptions allowed him under the laws of the State of Florida, and that he was at the time of the signing of the attachment bond in this case.

				"C. W. DAVIS.

" Sworn to and subscribed before me 21st day of June, A. D. 1884.				"FRANK PHILIPS,
					"Clerk Circuit Court."

" First Judicial Circuit of Florida—Circuit Court of Jackson County.

" Theophilus West, Plaintiff, vs. Joseph W. Woolfolk, Defendant.

" Before me personally came Theophilus West, who, being duly sworn, says Theo. D. West is worth over the sum of four hundred and twelve 50-100 dollars over and above all his just debts and liabilities. That Theo. D. West owns a half interest in the stock of drugs, medicines, &c., of the firm of Theo. West & Son, in the town of Marianna, Florida. That said stock of drugs, medicines, &c., and the notes, accounts and indebtedness owing to Theo. West &

Son are worth at least twenty-five hundred dollars, while the liabilities of the firm will not exceed one thousand dollars. That he is thoroughly conversant with the business affairs of Theo. D. West, and that the liabilities of Theo. D. West individually will not exceed one hundred dollars. That Theo. D. West is at present absent from the town of Marianna, Florida.

" THEO. W. WEST."

" Sworn to and subscribed before me June 21, 1884.

" FRANK PHILIPS,<br>"Clerk Circuit Court."

The above certificate of the Clerk and the two foregoing affidavits were filed in the Clerk's office June 21, 1884.

On the 17th day of July afterwards there was filed in the Clerk's office an order made by the Judge of the Circuit Court as follows:

" State of Florida—Jackson County Circuit Court.

" THEO. WEST,
     vs. } Motion to dissolve Attachment.
" JOSEPH W. WOOLFOLK. 

" This cause came on to be heard on motion to dissolve the attachment, and on consideration thereof, it appearing that neither the affidavit nor bond in attachment shows in what court the proceeding is, it is therefore ordered and adjudged that the motion to dissolve the attachment be and the same is hereby granted and the attachment dismissed at the cost of the plaintiff.

" A. E. MAXWELL, Judge.

" June 16th, 1884."

Endorsed, " Filed and recorded in minutes of Circuit Court, Book H, page 126, July 17, 1884.

" FRANK PHILIPS,<br>."Clerk Circuit Court."

From this judgment of the court the plaintiff brings his appeal and assigns the following error:

"The court erred in granting the motion of defendant to dissolve the attachment and in dissolv:ng and dismissing the attachment at plaintiff's costs upon the ground that neither the affidavit for attachment nor bond in attachment showed in what court the proceedings were."

*Liddon & Carter* for Appellant.

*J. F. McClellan* for Appellee.

Mr. Justice VanValkenburgh delivered the opinion of the court:

The question is, did the Circuit Court of Jackson county acquire jurisdiction by virtue of the affidavit and other proceedings to issue the writ of attachment? It is a case where the court acquires special jurisdiction derived from and exercisable only according to statute, and has the power to take such judicial action only through the modes of procedure prescribed by the statute. In other words, the jurisdiction is extraordinary, " that is, such as is provided by statute for exceptional cases, and are available only under particular circumstances designated by statute;" " where a court or officer exercises an extraordinary power under a special statute prescribing the occasion and mode of its exercise the proceedings will be held illegal unless they be according to the statute, and the facts confirming jurisdiction appear affirmatively." Drake on Attachment, §85.

The writ of attachment in this case was issued under and by virtue of sections 13, 14 and 15 of chapter 7, MClellan's Digest, p. 113. Section fourteen provides as follows:

" Such writ shall in no case be issued unless the party applying for the same, or his agent or attorney, shall first

make oath in writing that the amount of the debt or demand claimed and charged against the opposite party is actually an existing debt or demand, stating also in said oath in writing the time when said debt or demand will actually become due and payable; and also that the party against whom the said writ of attachment is applied for is actually removing his or her property beyond the limits of this State, or (as the case may be) is fraudulently disposing of, or secreting the same for the purpose of avoiding the payment of his or her just debt or demand, satisfactory proof of which shall be demanded and produced to the officer granting the attachment."

Section fifteen provides that " no attachment shall issue until the party applying for the same, by himself or by his agent or attorney, shall enter into bond with at least two good and sufficient securities payable to the defendant, in at least double the debt or sum demanded, conditioned to pay all costs and damages the defendant may sustain in consequence of improperly suing out said attachment; *Provided, nevertheless,* That the bond taken in case of attachment shall not, on account of any informality in the same, be adjudged void as against obligors, nor shall they be discharged therefrom, although the attachment be dissolved by reason thereof."

The statute nowhere provides that the affidavit, or the bond upon which the attachment issues and which gives to the court its jurisdiction in the case, shall be entitled in the cause. No præcipe is required. Upon filing with the court from which an attachment is asked the prescribed affidavits and bond, the writ is issued and the suit is then inaugurated. In this case, however, the affidavit of the creditor is entitled "State of Florida, Jackson county," and is sworn to before " Frank Philips, Clerk," and is en-

dorsed : " Filed 21st Dec., 1883, Frank Philips, Clerk Circuit Court."

On the same day the affidavit of West and Burke, showing that the defendant was disposing of his property, was filed. The same day the bond was filed and at the same time the writ of attachment was issued. That writ is entitled " First Judicial Circuit of Florida, Circuit Court of Jackson county," and is directed to "Andrew Scott, Sheriff of Jackson county," commanding him to return the same to the Circuit Court of the county of Jackson on the 7th day of January, A. D. 1884. This writ was duly executed by the sheriff and was returned as appears by the record on the 5th day of January, 1884, to the clerk's office in the county of Jackson. The necessary papers under the statute were all filed on the same day and the writ was issued at the same time. It is a rule of law, " that where two or more acts are done at the same time, that will take effect first which ought in strictness to have been done first in order to give it effect." The affidavits and bond each comply with the requirements of the statute, in all respects, and consequently the motion to dissolve should not have been granted, and the attachment ought not to have been dismissed. *In Kinney and Goodrich vs. Heald, 17 Ark., 397*, which was an action of assumpsit, commenced by attachment, the affidavit upon which the writ issued was as follows :

"We (plaintiff's attorneys) do depose and say that the defendants (naming them) are justly indebted to John H. Heald in the sum of $836.19, which sum is now due, and that the said defendants (naming them) are not residents of the State of Arkansas." The affidavit was written on a separate piece of paper, not " entitled," nor connected with, or attached to, any of the original papers in the cause. The court in their opinion say : " As far as we can judge from

the face of the affidavit, on which the attachment issued, it contains all the substantial requirements of the statute. The mere fact of its having been written on a detached piece of paper and not "entitled," though a loose and irregular mode of procedure, in such cases is not so to such an extent as to authorize this court to say that the court below should have sustained the exception of the plaintiffs in error taken to the affidavit on this account."

In the case of *Cheadle vs. Riddle, 6 Ark., 480,* which was an action of debt by attachment, a motion was made to dissolve the attachment upon three grounds, the first of which being that the affidavit upon which it was issued "was not entitled of the court in which it was intended to be used, nor of the names of the parties to said action." The court, Johnson, C. J., delivering the opinion says, "the affidavit filed by the plaintiff below is conceived to be a substantial compliance with the requisitions of the statute, and consequently the Circuit Court properly overruled the exception to it."

In the case of *Livingston vs. Wofford, 4 Ill., 3 Scammon, 576,* the appellant moved to reverse the judgment and assigned for error, among others, that "the affidavit on which the attachment issued was not sworn to before an officer authorized to take it." The court say: "By reference to the record it appears that the writ of attachment issued on the same day is tested in the name of and signed by Henry L. Webb as clerk of the Alexandria Circuit Court. The court will presume that the affidavit was sworn to before the same officer, and as the clerk is by law in such cases authorized to take affidavits, the affidavit in this case was properly made." They decide that where the jurat to an affidavit for a writ of attachment showed that the affidavit was sworn to before "Henry L. Webb," and the writ was tested and signed by "Henry L. Webb, Clerk of the

Alexandria Circuit Court," that the court would presume that the affidavit was sworn to before the clerk. Stout vs. Folger, 34 Iowa, 71.

In this court in *Branch vs. Branch, 6 Fla., 315,* which was an action in replevin, this court say: "It is said again that the jurat to the affidavit is defective, and that the bond is not approved as required by the statute. This is because the officer who put his jurat to the affidavit, and approved the bond, signed merely "Robert Bullock, clerk," and it is urged that this does not show that he was Clerk of Marion Circuit Court, where the suit was instituted. But it appears from the record, that the affidavit was made, the bond executed, and the writ issued on the same day, and in his test of the writ, he describes himself as Robert Bullock, Clerk of the Circuit Court for Marion county, and the affidavit and bond were both filed in the office of the Clerk of that court on the same day that they were made and executed, and it has not been alleged or pretended that there was or has been any other action of replevin between these parties in that court. It would seem therefore that there could be no difficulty in identifying all these proceedings with each other in this suit, and it not being denied (or pretended here) that he was such clerk, (a matter of most easy ascertainment,) we are clearly of opinion that the objection in regard to these matters (if in time) could not be sustained." In relation to the bond filed in this case, our statute does not require that it shall be approved in writing before the writ issues. The fact that the writ does issue in due form, is evidence that the bond filed in the clerk's office with the securities is approved of by the Clerk. Levi vs. Darling, 28 Ind., 497; Mandell vs. Peet & Co, 18 Ark., 236; Griffith vs. Robinson, 19 Texas, 219. If no bond was filed in pursuance of the statute, then the writ is void and may be dis-

missed on motion. But in this case, before the motion to dismiss was made the clerk filed his certificate in the cause that he did approve the bond, and that his written approval thereon was omitted through inadvertence, and offered to endorse his approval thereon *nunc pro tunc.* There were also filed affidavits showing two securities on the bond were amply worth all that was required by the statute to warrant the issuing of the writ. The statute in terms provides that this "bond shall not, on account of any informality in the same, be adjudged void as against obligors, nor shall they be discharged therefrom although the attachment be dissolved by reason thereof," thus protecting the defendant in the attachment although it may be dissolved by reason of informalities in other proceedings. In the case in *3 Scammon, supra,* it is said that " an attachment bond which is literally in the form prescribed by the statute is valid although it does not state in what court the proceedings are had." Even if it had been necessary under the statute that the bond should have been endorsed as approved by the clerk, before the motion to quash was passed upon by the court, the clerk certifies under the seal of the court that he did approve it before the writ issued, and then offers to endorse his approval thereon *nunc pro tunc.*

The defendant in the attachment was in no way prejudiced. *34 Iowa, supra.*

In deciding the motion to quash the attachment the court below put it upon the ground "that neither the affidavit nor bond in attachment shows in what court the proceeding is."

If desired the plaintiff has a right to amend his declaration as he may deem necessary.

The judgment of the court below is reversed.