Baca v. Coury, 27 N. M. 611

<hr>

(No. 2617.   Jan. 5, 1922.)

## BACA v. COURY

### SYLLABUS BY THE COURT

The facts that the clerk filed an attachment bond and issued the writ are prima facie proof that he approved the bond, although he failed to indorse his approval upon it.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by G. J. Coury against Mauricio Chavez. Judgment for plaintiff and sale ordered of certain real estate levied upon under writ of attachment. Hilario Baca, a stranger to the proceeding, moved for permission to enter special appearance in order

to quash the attachment.   Motion denied, and Baca brings error.   Affirmed.


F. Faircloth, of Santa Rosa, for plaintiff in error.

W. T. Brothers, of Santa Rosa, for defendant in error.

### OPINION OF THE COURT

DAVIS, J.   On March 21, 1918, the district court of Guadalupe county rendered a money judgment in favor of G. J. Coury, defendant in error here, against Mauricio Chavez, in an action upon an open account. Certain real estate had been levied upon under a writ of attachment, and on October 31, 1919, an order of sale was made; the court finding that the writ had been duly levied upon the property.   On April 20, 1921, Hilario Baca, up to that time an entire stranger to the proceeding, filed an instrument entitled "Motion for permission to enter a special appearance for the purpose of moving to quash the writ of attachment."   The prayer of the motion was that the writ of attachment be quashed and the property released from the lien.   The court denied the motion, and this writ of error is from that action.

The grounds for the motion to quash were that no attachment bond had been executed; that a pretended bond filed was not approved by the clerk; and that the clerk did not indorse his approval on the bond as required by law.   No privity between Hilario Baca and party to the cause was alleged, although the motion stated that he was the owner of the premises by reason of a deed from other persons.

The attachment bond was in fact given and filed

before the writ issued, as is shown by the record. In the absence of other proof, we presume that it was approved by the clerk, since he accepted it, filed it, and issued the writ, which could be done only after approval under the statute. Section 4305, Code 1915. It has been held in other jurisdictions that filing the bond manifests its approval and is sufficient. Hyde v. Adams, 80 Ala. 111; Howard v. Oppenheimer, 25 Md. 350, 363; West v. Woolfolk, 21 Fla. 189; and Griffith v. Robinson, 19 Tex. 220.

The clerk did not indorse his approval on the bond. This was, at most, an irregularity. The important features are the giving of the bond and its approval; the manner in which the approval is shown being of less consequence. The question, however, does not lack for authority. In Whitman Agricultural Ass'n v. National Ry. Co., 45 Mo. App. 90, a statute somewhat similar to ours was involved, and the court said that the indorsement of approval on the bond is only evidence of approval, but not the only evidence, and that if the clerk receives the bond and issues the writ it amounts to an approval so far as the defendant is concerned, citing Drake on Attachments, § 120. That reasoning applies to this case.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.