(111 So. 336)

No. 26257.

SAMPLE v. LOUISIANA OIL REFINING CORPORATION et al.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

**1. Judgment ☞701—Judgment in action by corporation held res judicata in action by stockholder on behalf thereof against same party and for same cause.**

Judgment in action by corporation is res judicata in action by stockholder on behalf of corporation against same parties and for same cause.

**2. Limitation of actions ☞32(1)—Prescription; action for gas removed from well, not based on contract, is prescribed by one-year limitation.**

Action for value of gas removed from well, not based on contract, is prescribed by one-year limitation.

**3. Corporations ☞202—Fact of being stockholder held not to make stockholder party to corporation's contract.**

Mere fact of being stockholder did not make stockholder a party to corporation's contract.

**4. Corporations ☞202—Exception of no cause of action to stockholder's action on contract by corporation to which he was no party held good.**

Where contract of corporation contained no stipulation pour autrui, stockholder was not party, and exception of no cause of action to his action for damages thereunder, and for annulment of contract, was good.

**5. Easements ☞30(3)—Servitude; ten-year prescription applies to nonuser of servitude.**

Ten-year prescription applies to nonuser of right under reservation of minerals on sale of land.

**6. Mines and minerals ☞78(7)—On failure to demand cancellation of contract for failure to develop oil and gas property, party cannot recover for refusal to cancel.**

On failure to demand cancellation of contract for failure to develop oil and gas lease, party may not, after his rights had lapsed by prescription, recover damages for failure to cancel.

**7. Costs ☞172—Party having no right to annulment of contract has no right to recover attorney's fees inseparably connected therewith.**

Party having no right to annulment of contract may not recover attorney's fees inseparably connected therewith.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell and E. P. Mills, Judges.

Action by S. G. Sample against the Louisiana Oil Refining Corporation and the Southwestern Gas & Electric Company, in solido. From separate judgments dismissing plaintiff's suit, plaintiff appeals. Affirmed.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson and Blanchard, Goldstein & Walker, all of Shreveport, for appellees.

ROGERS, J. This is a suit to recover damages exceeding $50,000 from the Louisiana Oil Refining Corporation and the Southwestern Gas & Electric Company, in solido, for the cancellation and forfeiture of a certain mineral lease from the Nabors Oil & Gas Company to the Louisiana Oil Refining Company, and for the recognition on plaintiff's exclusive right to exploit for, mine, reduce to possession, and appropriate all minerals underlying the land described in his petition.

Both defendants filed exceptions of no right or cause of action and pleas of res adjudicata and of the prescription of 10 years liberandi causa. The exception and pleas were sustained by Judge Bell, of the district court, as to the Southwestern Gas & Electric

Company, and by Judge Mills, of the district court, as to the Louisiana Oil Refining Corporation. In accordance with their rulings, separate judgments were entered, dismissing plaintiff's suit. Plaintiff then appealed.

The issues in the case are stated and disposed of by Bell, district judge, as follows, viz.:

"Plaintiff brings this suit, in his individual right and for the use and benefit of the Nabors Oil & Gas Company, against the Louisiana Oil Refining Corporation, as the reorganized Louisiana Oil Refining Company, and against the Southwestern Gas & Electric Company, the assignee of the first-mentioned defendant, to recover certain sums of money, and to have decreed null and void a certain act of lease entered into between the Nabors Oil & Gas Company and the Louisiana Company.

"This suit is an aftermath of the suit of Nabors Oil & Gas Co. v. Louisiana Oil Refining Corporation, to be found reported in 151 La. 361, 91 So. 765, and is caused by some remarks of the court in that case to the effect that Sample at one time had some rights which were not prescribed. The facts leading up to this case are to be found fully set forth in the reported case, and in the pleadings in this case.

"The defendant Southwestern Gas & Electric Company has filed exceptions of no cause of action, res judicata, and prescription, and the record in the Nabors Case has been offered in evidence in this case.

"The same relief sought here was sought in the Nabors Case; the main difference between the two being that Mr. Sample is a party to this case, whereas he was not a party to the former proceeding.

[1] "Plainly, the Nabors Oil & Gas Company could not bring another suit against the same defendants for the same thing, and we can see no reason why Mr. Sample can bring a suit for the use and benefit of the Nabors Company, which that company itself could not bring. Every issue raised in that suit, or that have been raised therein, is res judicata as to the parties to that suit, and the plea of res judicata is sustained, in so far as this suit is for the use and benefit of the Nabors Oil & Gas Company.

"Under the decision in the before-mentioned case, Mr. Sample was the owner of the mineral rights from February 15, 1914, to April 15, 1915, and had the right to do with his property what he wished.

"Plaintiff sues herein for the sum of $1,800 as gas rental on Nabors No. 1 for the years 1914 to 1922, inclusive, and to have decreed the contract of May 6, 1914, to have been forfeited and annulled for failure to develop under said contract; for the further sum of $25,000 representing the value of the gas removed from wells Nos. 2 and 3, and decreeing petitioner to be the owner of said wells; for the further sum of $25,000 in compensation for damages caused by the refusal of the defendants to cancel said contract, and thus prevent him from disposing of said rights; and for the further sum of $5,000 as attorney's fees for procuring the cancellation of said contract of May 6, 1914.

"Plaintiff herein, a stockholder in the Nabors Oil & Gas Company, but not a party to the suit mentioned, and not a party to the contract of May 6, 1914, is seeking to take advantage of that contract in this suit as the basis of his right of action. Without that contract all his rights are prescribed. Without that contract he has no right of action to have the contract annulled, or for damages for the failure of the defendants to voluntarily cancel same.

[2] "Plaintiff does not seek damages for the value of the gas removed from well No. 1, but he seeks the yearly gas rental under the contract. The first demand would be prescribed by one year, but the rental under the contract would not be.

[3-5] "The mere fact that Mr. Sample was a stockholder in the Nabors Company did not make him a party to the contract of May 6, 1914, and we do not think he has shown any rights under that contract. It was not a contract containing a stipulation pour autrui, and he was not a party to it, and can claim no rights under it in any way. The exception of no cause of action is therefore good as to his claim for $1,800, and as to his claim to have the contract annulled for failure to develop. His claim for $25,000 as the value of the gas removed from wells Nos. 2 and 3, and to be declared the owner of said wells, likewise depends absolutely upon the same question. If he was no party to that contract, the development under the contract was not development by him, and his mineral rights prescribed on April 15, 1915. The plea of prescription of 10 years is good on this score for nonuser of a servitude.

[6] "The second claim for $25,000 is based on the refusal of the defendants to cancel a contract claimed to be good in the beginning, but having lapsed for failure to develop. Plaintiff does not claim that he personally, or through any one else for him, ever made a demand for the cancellation of this contract, as being his contract or for his benefit. All rights he had lapsed on May 15, 1915, and any right he had was in the nature of a claim for damages for an

illegal act committed prior to the expiration of that date, and prescribed by one year.

[7] "The claim for attorney's fees is inseparably connected with the right to have said contract annulled, and, of course, if plaintiff has no such right, his right to attorney's fees does not exist.

"There should be judgment sustaining the exceptions in accordance with the views expressed, and dismissing the suit of plaintiff."

We concur in the conclusions reached by the district judge, and adopt his opinion as our own.

For the reasons assigned, the judgments appealed from are affirmed, at the cost of the appellants.