22 So.2d 269

GULF REFINING CO. v. ORR et al.

No. 37802.

March 26, 1945.

Rehearing Denied April 30, 1945.

Meadors & Gensler, of Homer, and Herold, Cousin & Herold, of Shreveport, for appellants.

Jackson & Mayer and Ben F. Roberts, all of Shreveport, for appellee.

ROGERS, Justice.

This is an interpleader proceeding instituted in the First Judicial District Court for the Parish of Caddo by the Gulf Refining Company, the purchaser of the oil produced and run from an eighty-acre tract of land under oil and gas leases providing for a base royalty of one-eighth (1/8) of the value of the oil produced and saved from the leased premises.

Because of conflicting claims to the mineral interest described as "One-fourth (1/4) of all the oil, gas and other minerals in and under the North One-half (N½) of Northwest Quarter (NW¼), Section 27, Township 23 North, Range 8 West, Claiborne Parish, Louisiana," the Gulf Refining Company deposited in the registry of the court the royalty from and allocable to the above-described mineral interest for distribution to twenty-eight claimants.

The only claimants who appeared and asserted their rights to the fund deposited in the registry of the court were Mrs. Belle McDermott Orr, her husband, J. F. Orr, and Finnis J. Goree. The judgment of the district court awarded the fund to Goree and Mrs. Orr and her husband, J. F. Orr, appealed to the Court of Appeal, Second Circuit.

Acting under Section 25 of Article 7 of the Constitution of 1921, the judges of the Court of Appeal have certified the case to this court for decision of the controversy between Mrs. Orr and her husband on one side and Finnis J. Goree on the other side. In view of the important legal question involved, and of their serious doubt as to the jurisdiction ratione materiae of the Court of Appeal, the judges of that court have sent to this court, for its convenience and assistance in deciding the issue, the entire record in the case, together with the briefs filed on behalf of the parties litigant.

As stated by the judges of the Court of Appeal, the admitted facts are as follows, to-wit: "On July 12, 1921, Mrs. Belle Orr, wife of J. F. Orr, then holding fee simple title to the North One-Half (N½) of Northwest Quarter (NW¼), Section 27, Township 23 North, Range 8 West, Claiborne Parish, Louisiana, by cash deed sold to W. C. Feazel One-Fourth (¼) of the oil, gas and other minerals on, in and under said tract of land. Feazel made several assignments of fractional interests in and to the mineral rights he acquired from Mrs. Orr. Oil was produced from the land in paying quantities until April 15, 1932. From and after this date there were no further operations by Feazel or his assignees looking to the discovery and production of oil or other minerals from the land, and, as a consequence, the rights of Feazel and his assignees under said mineral sale from Mrs. Orr lapsed or prescribed for nonuser on April 15, 1942.

"On March 18, 1939, while rights under the sale to Feazel were in force, Mrs. Orr sold the land to F. J. Goree in which was incorporated the following reservation, to-wit:

" 'The vendor reserving all the mineral rights.'

"On November 1, 1942, after all rights under the sale to Feazel had prescribed, but

under other contracts, drilling on the land for oil was resumed, and valuable production was soon realized."

After stating the facts, the judges of the Court of Appeal announced the following conclusion: "The present appeal tenders a controversy between Mrs. Orr and F. J. Goree over One-sixty-fourth (1/64) of the value of the oil produced from the land through said later operations (drilling operations resumed after the rights under the sale to Feazel had prescribed). To determine to whom the amount is due requires answer to the following question, to-wit: To whom did the mineral rights acquired by Feazel inure when said rights lapsed or prescribed for nonuser on April 15, 1942? Mrs. Orr contends that such rights reverted to her by virtue of the reservation in her deed to Goree, quoted above, while Goree contends that such rights revested in him on said date because he was then owner of the land."

The decision of the case depends upon a correct interpretation of the mineral reservation incorporated in the deed wherein Mrs. Orr sold the tract of land to F. J. Goree. The reservation reads, as follows: "The vendor reserving all the mineral rights". The judge of the district court correctly determined -the meaning of the language of the reservation, as shown by the well-considered written opinion which he handed down in rendering his judgment, wherein he held that the effect of the reservation was to reserve to Mrs. Orr what she owned, or three-fourths (3/4) of the minerals, and, for Feazel and his assigns what she had sold and warranted to

him, or one-fourth (1/4) of the minerals. That the reversionary right in Feazel's mineral interest was not included in the reservation, but passed with the land to Goree, the purchaser, who, when the mineral rights acquired by Feazel lapsed and expired on April 15, 1942, became, and is now, the owner of the right to the one-fourth (1/4) of the minerals by virtue of his ownership of the land at that time.

Prior to March 18, 1939, Mrs. Orr owned the land and a three-fourths (3/4) mineral interest in the land. She did not own the remaining one-fourth (1/4) mineral interest in the land because she had previously, with full warranty, sold that particular interest to W. C. Feazel. But Mrs. Orr, as the owner of the land, also owned the so-called reversionary right in the Feazel mineral interest which, as this court has indicated, is "a certain object" which may be sold and made the subject of contract. Gailey v. McFarlain, 194 La. 150, 193 So. 570; McDonald v. Richard, 203 La. 155, 13 So.2d 712.

When, on March 18, 1939, Mrs. Orr sold the land to Goree she had the right to except from the sale and reserve to herself the three-fourths (3/4) mineral interest that she owned, and she exercised that right under the general reservation embodied in the deed. But the same thing can not be said of the one-fourth (1/4) mineral interest owned by Feazel. Mrs. Orr neither owned nor controlled that mineral interest and it was not certain that she would ever own or control it. The most that she had so far as that particular mineral interest was concerned was the hope that at some

future time by the failure of Feazel to exercise his rights, the one-fourth (1/4) mineral interest would revert to the land. But she did not reserve this hope, and when she sold the land, she lost the hope.

The question involved in this case cannot be distinguished in principle from the question involved in the case of McDonald v. Richard, 203 La. 155, 13 So.2d 712. In that case, this court held that where the owner sold his land but reserved the mineral rights and the purchaser of the land sold the mineral rights to which he had no title, and later sold the land, when the original vendor of the land lost his mineral servitude by the liberative prescription of ten years for nonuser, the lapsing of the servitude inured to the party owning the land when the obligation lapsed.

If the owner of land incumbered with a mineral servitude cannot create another mineral servitude thereon by the sale of the same mineral rights, which he does not own, it logically follows that neither can he create another mineral servitude on the land by a reservation in the deed of sale of the same mineral rights which he does not own.

In Gailey v. McFarlain, 194 La. 150, 193 So. 570, this court held in effect that there could be no implied sale of a reversionary mineral interest, that such a sale must be express. If there must be an express sale of such an interest, it would seem to be clear that there also must be an express reservation of such an interest. The reservation in a deed is a limitation of the thing sold and should be expressed and not implied.

Counsel for Mrs. Orr in their brief filed in the Court of Appeal say that the present case is similar to the case of Nabors Oil & Gas Co. v. Louisiana Oil Refining Co., 151 La. 361, 91 So. 765. But neither the decision in that case nor the decision in the case of Sample v. Louisiana Refining Corporation, 162 La. 941, 111 So. 336, also referred to in the brief, is controlling of the issue involved in this case.

In Nabors Oil & Gas Company v. Louisiana Oil Refining Company, supra, the decision of this court on rehearing was that a grant or reservation of the minerals or mineral rights in a tract of land is subject to the prescription of ten years liberandi causa, even where it is stipulated in the contract that the mineral rights are granted for a period exceeding ten years, and that the running of such prescription is not interrupted by a reservation of the same mineral rights in a deed by which the original owner subsequently sold a portion of his land.

It would appear, therefore, that the question involved in this case was not involved in the case of Nabors Oil & Gas Co. v. Louisiana Oil Refining Company, supra.

The decision in Sample v. Louisiana Oil Refining Corporation, supra, is not appropriate to the question presented in this case, since the issue involved in that case arose on pleas of res judicata and prescription, which were sustained. Counsel for Mrs. Orr also refer in their brief filed in the Court of Appeal to the case of United Gas Public Service Co. v. Roy, decided by the Court of Appeal for the Second Circuit and

reported in 147 So. 705. But that decision is not in point. The facts are different. The question presented for decision in the cited case involved the intention of the parties in regard to the reservation of the one-half (1/2) of the mineral rights owned by the vendor of the land at the time of the sale. In this case, the question is not as to what mineral rights were owned by Mrs. Orr at the time of the sale to Goree but the question is as to the reversion of the mineral rights which Mrs. Orr did not own at that time.

When Mrs. Orr sold her tract of land to Goree she was the warrantor to Feazel and his assigns of the one-fourth (1/4) mineral interest previously sold by her to Feazel and she therefore had no right to transfer that interest. Mrs. Orr owned three-fourths (3/4) of the mineral rights and was the warrantor of Feazel and his assigns to the remaining one-fourth (1/4) of the mineral rights. She reserved all the mineral rights but under the express wording of the reservation she did not reserve them to herself. If any inference is to be drawn from the reservation, it is that Mrs. Orr reserved for herself what she owned and that she reserved for Feazel and his assigns what she had sold and warranted to them. The deed to Goree contains no reference to the so-called reversionary interest. By accepting the deed Goree did not and could not create a servitude on the one-fourth mineral interest outstanding in the name of Feazel because neither he nor Mrs. Orr, his vendor, owned that interest.

For the reasons assigned, the judgment of the district court awarding the fund on deposit in the registry of the court to Finnis J. Goree is correct, and it is therefore affirmed.