REGAN, Judge.
Plaintiff, Harold Richards, instituted this suit against the defendant, Crescent Tow' ing & Salvage Co., Inc., endeavoring to recover $1,011 “sick pay” in conformity with the provisions of a labor contract existing between the defendant and the Seafarers International Union, of which he was a member. Plaintiff contracted tuberculosis while working on the defendant’s tugboat as a deckhand.
Defendant pleaded the exceptions of res adjudicata, lis pendens, and no right or cause of action.
From a judgment in favor of the defendant maintaining the plea of res adjudi-cata, plaintiff has prosecuted this appeal.
On February 28, 1958, plaintiff filed two suits in the Civil District Court for the Parish of Orleans. The second of these suits, which is presently on appeal, was allotted to Judge Yarrut. In his petition, plaintiff alleged that he was employed by defendant as a deckhand on defendant’s *896 tugs during the year 1955 and for several years prior thereto; that his employment was governed by the provisions of the labor contract between defendant and the Seafarers International Union, which provided [1] for “sick pay” for the members of the union under certain circumstances; and that plaintiff became ill during the tenure of his employment and became entitled to sick pay in the amount of $1,011, for which amount he instituted this suit.
The other suit filed in the Civil District Court was allotted to Judge Carriere. In that petition plaintiff alleged that another portion of the labor contract[2] required crew’s quarters on board vessels to be properly ventilated and heated, but that defendant breached its obligation so to do, as a result of which plaintiff contracted tuberculosis and suffered damages in the amount of $78,000. The loss of wages for the period of plaintiff’s illness is particularly alleged as an item of damages, so that the loss of wages in the suit before Judge Carriere covered the identical period for which plaintiff was claiming “sick pay” before Judge Yarrut.
These suits were not the first effort made by plaintiff to vindicate his purported rights. In August 1956, plaintiff filed a civil action in the United States District Court in New Orleans against the defendant for the damages he claimed to have incurred by virtue of his having contracted tuberculosis while in defendant’s employ. In that suit he asserted that the defendant had failed to furnish proper quarters to him and that this failure constituted negligence which was the direct and proximate cause of his illness, for which he was entitled to recover $75,000 as damages. Included in his itemization of damages was the money he had spent and could be expected to spend in special diet, quarters, etc., as well as the money which he lost by virtue of his illness. This case was tried before a jury and terminated with a verdict and judgment in favor of the defendant. No appeal was taken therefrom and the judgment is now final. Simultaneously, plaintiff filed another suit in the federal court on the admiralty side of the docket for “wages, maintenance and cure”. A favorable judgment was rendered in this case, Richards v. Crescent Towing & Salvage Co., D.C., 161 F.Supp. 820.
Defendant filed no answers to either of the Civil District Court proceedings, but filed timely exceptions to the petitions. These exceptions were, for all practical purposes, identical; they set up the federal court decree as being res adjudicata to the Civil District Court suits and also presented a plea of judicial estoppel. The exceptions further were addressed to the fact that plaintiff had an election of remedies, one of which he had chosen to follow by filing a tort suit in the federal court, so that it was too late now for him to change his position and attempt to sue for breach of contract. Finally, defendant’s exceptions brought before the court the inability of plaintiff to divide his cause of action, and urged that the suit should be dismissed on any one of its pleas.
The exceptions in the suit before Judge Carriere were heard first. They were maintained and plaintiff’s action was dismissed. In that case before Judge Car-riere, all of the federal court pleadings were introduced in evidence and were stipulated for the purpose of the decision on the exceptions. In Judge Yarrut’s case, the record in the suit before Judge Car- *897 riere, which then contained all of the federal court pleadings, was introduced in support of the exceptions of res adjudicata, judicial estoppel and other pleas.
Judge Yarrut, as we have related here-inabove, maintained the plea of res adjudi-cata.
This case has posed for our consideration a mixed question of law and fact. If plaintiff is suing on the same cause of action (a factual issue, which may be determined only after an analysis of the pleadings in the decided cases), then obviously his suit is barred by the plea of res adjudicata. That plea under the Louisiana law is a statutory one as revealed by Article 2286 of the LSA-Civil Code, which reads:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The formal requirements of that article are evident herein. The parties are identical; the demand which was made in the federal court proceedings is for wages or sick pay during the same period; and the thing—a monetary judgment—is, of course, identical.
The judgments in the federal court cases clearly and definitely dispose of the issues which are again sought to be litigated before us. The jurisprudence of this state to this effect is settled and uniform. It is immaterial whether the judgment in the prior case was right or wrong so long as it is shown to be a final judgment between the same parties on the same cause of action.[3]
We reiterate that Judge Carriere dismissed the suit before him for the reason that plaintiff’s claim was considered to be identical to that made by the plaintiff in the federal court proceeding. Judge Yarrut was of the. opinion that the judgment of dismissal by Judge Carriere, which judgment was final because there was no appeal taken therefrom, likewise barred any claim for recovery. Accordingly, there are two judgments in separate actions in the Civil District Court and in the federal Court which properly form the basis for a plea of res adjudicata or judicial estop-pel.
There must be an end to all litigation. It is for that reason that the rules of judicial estoppel and res adjudicata have been adopted in almost every state, whether by statute or by jurisprudence. Justice cries out at a party being harassed through the medium of successive suits for the same thing and this case emphasizes the necessity for the rule. The four suits which plaintiff filed against the defendant have their origin in the unfortunate fact that plaintiff contracted tuberculosis while working as a deckhand on one of defendant’s tugs. Urging that the defendant was responsible for his illness, plaintiff has attempted to procure damages by reason thereof. One of these suits having been tried on the merits by a jury before a court of competent jurisdiction, plaintiff is barred from thereafter proceeding in any other litigation.
The plea of res adjudicata was properly maintained by the lower court, accordingly the judgment dismissing plaintiff’s suit is affirmed.
Affirmed.

. “Section 5(a). Pay While Sick. When members are off the boat due to sickness, they shall be paid for the time they are sick, providing they furnish a doctor’s certificate or discharge from a hospital.”

. “Article II, Section 14 — All quarters assigned to the crew and all mess rooms provided for their use shall be adequately screened and ventilated, a sufficient number of fans provided to secure adequate ventilation, a sufficient number of heaters shall be provided to keep the quarters warm.”

. Sample v. Louisiana Oil Refining Corp., 1927, 162 La. 941, 111 So. 336; Pitts v. Neugent, 1937, 187 La. 694, 175 So. 460; City of New Orleans v. Citizens’ Bank, 1897, 167 U.S. 371, 17 S.Ct. 905, 42 L. Ed. 202; Succession of Reynolds (See concurring opinion), 1956, 231 La. 410, 91 So.2d 584; Fisher v. Rollins, 1956, 231 La. 252, 91 So.2d 28; California Company v. Price, 1957, 234 La. 338, 99 So.2d 743.