410 P.2d 948

**Katie Mae JOHNSON, Plaintiff-Appellee,**

**v.**

**David A. GRAY, Hester C. Gray, Luther Cooper and Robert C. Dow, Defendants-Appellants.**

**No. 7742.**

Supreme Court of New Mexico.

Feb. 7, 1966.

James L. Dow, Carlsbad, for appellants.

E. Ray Phelps, Roswell, for appellee.

NOBLE, Justice.

David A. Gray, his wife Hester, and Robert C. Dow, defendants and cross-complainants, and Luther C. Cooper, defendant, have appealed from an adverse judgment in a suit to quiet title brought by Katie Mae Johnson.

The trial court found that the Grays acquired fee simple title to the land involved in this action in 1920 and thereafter conveyed a ¾ royalty interest and an undivided ½ of the minerals, retaining the surface and the remainder of the minerals. Plaintiff's husband, now deceased, thereafter obtained a money judgment against the Grays and attached the 320 acres of land in aid of satisfaction of the judgment. Plaintiff's claim of title is based upon a sheriff's deed issued pursuant to the attachment sale conveying to her husband all of the right, title and interest of the Grays in and to the described 320 acres. Title to the surface and all of the minerals not conveyed by the Grays was quieted in the plaintiff.

This appeal presents the questions (1) whether a conveyance of a fractional undivided interest in the minerals operated to sever the entire mineral estate from the surface so as to prevent the unconveyed mineral interest from passing under the sheriff's deed which described the 320 acres

by legal subdivision but without specific reference to minerals and (2) whether the attachment proceeding upon which plaintiff's title rests was void because of the failure of the principal to sign the attachment bond.

Appellants rely strongly on Kaye v. Cooper Grocery Company, 63 N.M. 36, 312 P.2d 798, in support of their assertion that a conveyance of a portion of the minerals effectively severs them in their entirety from the surface estate so that thereafter a description of the real estate by legal subdivision did not include the unconveyed portion of the mineral estate. To state it another way, they argue that after such conveyance of a portion of the minerals, the attachment of "all right, title and interest" of the Grays in the 320 acres described only the surface estate but did not include the minerals that had not been previously conveyed by them. We do not construe Kaye to extend so far. While that decision said that our statutory provisions and the public policy of this state require the entire mineral estate to be separately assessed and taxed after the conveyance of a fractional undivided interest in the minerals, Kaye was expressly limited to the assessment and taxing situation there involved. But it expressly recognized that for purposes other than taxation there may undoubtedly be only a partial severance of the mineral estate from the remainder of the fee. Appellants, therefore, can find no solace in Kaye v. Cooper Grocery Company, supra, nor does Noble v. Kahn, 206 Okl. 13, 240 P.2d 757, 35 A.L.R.2d 119, support their position. No New Mexico decision has been called to our attention directly dealing with a partial severance of minerals except the tax title cases based upon particular statutory provisions.

■ We are then brought to the question of how a severance of the surface and mineral estates for purposes other than assessment and taxation is accomplished and the effect of a conveyance of only a part of the minerals. It is well settled in this jurisdiction that a grant or reservation of the underlying oil and gas, or royalty rights therein, is a grant or reservation of real property, Duvall v. Stone, 54 N.M. 27, 213 P.2d 212; Terry v. Humphreys, 27 N.M. 564, 203 P. 539, that may be severed from the surface. Such severance may be effected by a conveyance of the mineral estate, Jilek v. Chicago, Wilmington & Franklin Coal Co., 382 Ill. 241, 47 N.E.2d 96, 146 A.L.R. 871; Anno. 146 A.L.R. 880, 881, or by a reservation or exception of the mineral estate, Harris v. Currie, 142 Tex. 93, 176 S.W.2d 302, or by a conveyance, reservation or exception of the surface estate, Shell Oil Co. v. Manley Oil Corp., 124 F.2d 714 (7th Cir. 1941), or it may be accomplished by judgment. Henderson v. Chesley, 229 S.W. 573 (Tex. Civ.App.).

**729**

■ We think it is clear that a conveyance or reservation of a fractional interest in the minerals by the owner of a fee simple estate will only effect a severance of the fractional interest so conveyed or reserved. Dixon v. Henderson, 267 S.W.2d 869 (Tex.Civ.App.); Thomas v. Southwestern Settlement & Develop. Co., 132 Tex. 413, 123 S.W.2d 290, 291, 300; Henderson v. Chesley, supra. And, see Gulf Refining Co. v. Orr, 207 La. 915, 22 So.2d 269, and discussion notes 1 Oil & Gas Reporter 447, 449, by the editors of Southwestern Legal Foundation. We, accordingly, find appellants' argument that a partial severance of the minerals worked a complete severance of the surface and mineral estates to be without merit.

■ The appellants also argue that there was actually no attachment bond filed in the proceeding in aid of satisfaction of the judgment against the Grays because it was not signed by the principal. They, therefore, assert that the court was without jurisdiction to proceed with the attachment and that the sheriff's deed, forming the basis of plaintiff's claim to title, was void. We cannot agree. Waldo v. Beckwith, 1 N.M. 97; Baca v. Coury, 27 N.M. 611, 204 P. 57; and Cal-M, Inc. v. McManus, 73 N.M. 91, 385 P.2d 954, principally relied upon by appellants are clearly distinguishable upon their facts. It is true that the principal in the attachment case did not sign his name to the attachment bond, but is was properly signed and acknowledged by the two sureties and their obligation is not shown to have been in any way conditioned upon the signature by the principal. That the bond was made at the instance of the principal with the evident intention of binding himself is made evident by the fact that the instrument shows his acknowledgment as the person who had subscribed his name thereto as principal. It was acted upon by him, and was obviously executed by the sureties at his instance. The principal would clearly have been estopped to deny validity of the bond. The record discloses that it was accepted for filing and approved by the officer authorized by law, as to form, sufficiency and execution. Furthermore, the attachment proceeding was tried on the assumption that the bond was sufficient and no complaint was made concerning it until now, more than twenty years after the judgment.

A bond bearing only the typewritten name of the corporate principal, but without the signature of any corporate officer, was held valid in Rust v. Producers Co-operative Exchange, 81 Ga.App. 260, 58 S.E.2d 435, as a common-law obligation. See, also, City of Deering v. Moore, 86 Me. 181, 29 A. 988. We think the bond in this instance was at the most insufficient but that the jurisdiction of the court to proceed in the attachment action was not affected thereby.

It follows that the sheriff's deed upon which plaintiff bases her claim to title is not a void conveyance. Other issues presented and argued have either been disposed of by what has been said, are unnecessary to be determined, or are found to be without merit.

The judgment appealed from should be affirmed, and it is so ordered.

CARMODY, C. J., and COMPTON, J., concur.