GLADNEY, Judge.
Plaintiff, Twin City Lumber and Supply Company, Inc., as materialman, instituted this suit against Julius Johnson, a contractor, and Lester Jackson, as the owner of premises known as 503 East 72nd Street, Shreveport, Louisiana, endeavoring to have its lien and privilege recognized against the above property and to recover a personal judgment of $530.32 against both named defendants. The defendant, Julius Johnson, made no appearance in the case by answer or otherwise, and an entry of default was taken against him. Jackson, answering, denied every allegation of plaintiff’s petition. Upon the issues so presented trial was had resulting in a judgment in favor of plaintiff against both defendants with recognition of a lien and privilege on the property of Lester Jackson. From the judgment so rendered the defendant, Lester Jackson, appealed and has filed in this court an exception of no right or cause of action. Plaintiff has answered the appeal, praying that this court assess damages for frivolous appeal.
In brief, appellant argues that neither pleadings nor proof disclose as to him any personal liability or the right to assert a lien against any property belonging to him. His contentions are that (1) he did not bind himself therefor, and (2) the petition fails to allege a cause or right of action under LSA-R.S. 9:4812.
The statutory provisions accord to a materialman a privilege upon the property serviced and the right to hold an owner personally liable for the debt of the contractor, under certain conditions. Insofar as applicable to the issue presented, LSA-R.S. 9:4812 prescribes:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which re-cordation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said fur-nisher of material or the said laborer, shall create a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered *404 material in connection with the said work or improvement, as his interest may appear. The said privilege, recorded as aforesaid, shall constitute a privilege against the property for a period of one year from the date of its filing, and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and such right of action shall prescribe within one year from the date of the recordation of the privilege in the office of the recorder of mortgages. The effect of the registry ceases, even against the owner of the property or the property itself, if the inscription has not been renewed within one year from the date of the record-ation. Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or subcontractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, which right of action shall not prescribe within one year of the date of its recordation, or the reinscription thereof. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent. * * * ”
Plaintiff’s petition contains no allegations from which it may be inferred “a contract, oral or written, has been entered into, but no contract has been timely recorded.” Paragraph numbered two of the petition alleges:
“That Julius Johnson, as Contractor, remodeled and repaired the premises known as 503 East 72nd Street, Shreveport, Louisiana, at the request of and for the account of Lester Jackson, the owner of the said premises.”
The evidence discloses Julius Johnson ordered the material for his own account and not for the account of Jackson, which fact is further shown in the judgment wherein plaintiff obtained a personal judgment against Johnson.
Furthermore, the pleadings fail to allege the affidavit of claim was timely recorded within 60 days after the date of the last delivery of material upon the property. The evidence actually shows the last delivery of material was made on July 8, 1958, whereas the affidavit made for the purpose of preserving the lien was not filed for recordation until September 9, 1958.
A defense urged upon trial of the case was that delivery of the materials, for which plaintiff seeks payment, was not adequately proven, but we find otherwise. A mere showing of delivery to the premises, unrebutted is sufficient and a materialman need not show such materials were used in the owner’s structure or improvement.
The statute LSA-R.S. 9:4812 imposes a lien and personal liability upon an owner for materials sold for the account of -his contractor when used in the repair, remodeling or erection of his house, but only when such liability is incurred and the lien recorded after full compliance with the conditions of the statute. The rights accorded under LSA-R.S. 9:4812 are strictis-simi juris, which is to say plaintiff is bound to conform closely to the exercise of the rights given under the statute and in case of a dispute the statutory advantage so given will be strictly construed. We are of the opinion that it was the duty of plaintiff to allege and prove the facts which entitle it to the privileges sanctioned by the statute. In this respect appellant has failed and the exception of no cause and right of action filed by the plaintiff must be sustained.
The judgment from which appealed, insofar as it affects Lester Jackson, is annul *405 led and set aside and plaintiff’s demands against him are dismissed and the lien recorded in Mortgage Book 514, page 538, is ordered canceled and erased. In all other respects the judgment is affirmed, all costs of the appeal to be paid by the appellee.
HARDY, J., dissents.