ELLIS, Judge.
Crescent Aircraft Corporation acquired a tract of land in St. Tammany Parish on October 29, 1965, and on the same day granted a mortgage in the amount of $12,-000.00 to plaintiffs herein, Mr. and Mrs. Emile F. Le Rouge. The mortgage was filed for record on November 1, 1965. Between the dates of December 6 and December 31, 1965, under a verbal contract, Loyd Brothers, a partnership, moved and spread 3,790 cubic yards of dirt on the said property, at a contract price of $1.00 per cubic yard. Loyd Brothers was not paid for its work, and on April 19, 1966, filed a lien against the property. Subsequently, a suit was filed on the lien, and on April 24, 1967, judgment was rendered in favor of Loyd Brothers and against Crescent Aircraft Corporation for $3,790.00, recognizing that they had a privilege on the property for the payment thereof. This suit for ex-ecutory process was filed on April 25, 1967, and Loyd Brothers intervened alleging that its privilege was one for labor and asking that its judgment be paid by preference and priority over the mortgage held by plaintiffs.
The trial court found that intervenors had a valid laborer’s lien for $3,790.00, superior to the mortgage held by plaintiffs, and ordered that the Sheriff of St. Tammany Parish pay that amount, plus interest, to intervenors out of the proceeds of the sale of the property. From that judgment, plaintiffs have appealed.
Plaintiffs claim that the lower court erred in finding, first, that the lien was timely filed, and, second, that it was a laborer’s lien.
On the first point, the record reveals that the work done by intervenors was completed by December 31, 1965, and that the lien was filed on April 16, 1966, over 100 days thereafter. However, intervenors allege that further work was done on the project after they had completed their work, which had the effect of preserving their lien.
There is no evidence in the record to support this claim. There is testimony that concrete was poured after intervenors had completed their work, but nothing to show when that work began or when, or if, it was completed. Documents relating to that work referred to by intervenors in their brief relate to another aspect of the case and form no part of the record pertinent to the matter before us.
The burden is on intervenors to prove the existence of circumstances which would extend the time for filing their lien beyond the statutory 60 day period. Twin City Lumber & Supply Company v. *51 Jackson, 115 So.2d 402 (La.App. 2 Cir. 1959). This they have failed to do.
Intervenors further claim that the fact that they reduced their claim against Crescent Aircraft Corporation to judgment, and had their lien recognized thereby prevents plaintiffs from asserting its invalidity. This claim is also without merit. Plaintiffs were not a party to that suit, and the judgment therein cannot be binding on them. Article 2286, Civil Code; Coates Equipment & Service Inc. v. Glover, 181 So.2d 455 (La.App. 1 Cir. 1965).
We are of the opinion that intervenors failed to prove that their lien was timely filed. It is therefore without effect insofar as plaintiffs’ mortgage is concerned.
Since this finding disposes of the case, it is not necessary that we consider the other specifications of error.
The judgment appealed from is therefore reversed, and there will be judgment in favor of plaintiffs and against intervenors, dismissing the petition of intervention at intervenors’ cost.
Reversed and rendered.