For the reasons given above, I respectfully dissent.

27 So.2d 431

**AMERADA PETROLEUM CORPORATION et al. v. CASE et al.**

No. 38122.

July 3, 1946.

Fred S. LeBlanc, Atty. Gen., and Robert R. Reid, Second Asst. Atty. Gen., for defendants-appellants.

Obier & Middleton, of Plaquemine, and Harvey Peltier, of Thibodaux, for defendants-appellees Cyrus Case and others.

Voorhies & Broussard, of Saint Martinville, and DeBaillon, Bailey & Mouton, of Lafayette, for defendants-appellees, Saltmount Oil Co. and others.

O'NIELL, Chief Justice.

This is a concursus proceeding, brought by the Amerada Petroleum Corporation and Phillips Petroleum Corporation, to determine the ownership of a sum of money deposited by the two corporations in the registry of the court. The fund is the royalty due from oil produced from a well drilled on land which was formed in the Arm of Grand Lake adjacent to Lot 5 of Section 31, T. 11 S., R. 10 E. The two petroleum corporations, producers of the oil, hold leases from both the State and the owners of Lot 5, namely, V. J. Kurzweg and Cyrus Case, who is now deceased. The contest therefore is between the State of Louisiana, represented by the State Mineral Board and the Register of the State Land Office, on the one side, and the owners of Lot 5, namely, V. J. Kurzweg and the heirs of Cyrus Case, on the other side.

The district court decided that the land on which the well is located is accretion or alluvion which was gradually added to Lot 5 on the shore of the running stream called the Arm of Grand Lake. Hence the court decided that the alluvion belongs to V. J. Kurzweg and the heirs of Cyrus Case, as owners of Lot 5 of Section 31. The State Mineral Board and the Register of the State Land Office are appealing from the decision.

The appellants contend that the land on which the well is located is not accretion or alluvion formed by a running stream but is a part of the bed of Grand Lake, or of the so-called Arm of Grand Lake.

The location of the well is near the southern end of the Arm of Grand Lake, where it enters into Grand Lake itself. The land where the well is located was under navigable water in 1812 when Louis-

iana was admitted into the Union; hence the bed of the lake, or of the so-called arm of the lake, at that location, belonged to the State by virtue of her sovereignty. She contends that the land which is now above the surface of the water, and on which the well is located, was formed in the bed of the lake by gradual deposits of sediment, and that the land therefore is not accretion or alluvion.

The only question in the case is whether the land on which the well is located is alluvion, added to Lot 5 of Section 31, or is a deposit of sediment in a sluggish body of water. · Alluvion is defined in article 509 of the Civil Code, thus:

"The accretions, which are formed successively and imperceptibly to any soil situated on the shore of a river or other stream, are called alluvion.

"The alluvion belongs to the owner of the soil situated on the edge of the water, whether it be a river or stream, and whether the same be navigable or not, who is bound to leave public that portion of the bank which is required by law for the public use."

The case is similar to one which was decided in 1943, entitled Amerada Petroleum Corporation et al. v. State Mineral Board et al., 203 La. 473, 14 So.2d 61. That case also was a concursus proceeding to determine the ownership of a fund deposited in court by the Amerada Petroleum Corporation and the Phillips Petroleum Corporation. The fund deposited in that case consisted of the royalty due for oil produced from a well·located on land formed in the Arm of Grand Lake adjacent to Lot 4 of Section 31, which lot is north of and adjacent to Lot 5. The record shows the location of the well from which the oil in contest in this case was produced, but does not show the exact location of the well from which the oil in contest in the previous suit was produced. The testimony on the subject however shows that the well from which the oil in contest in the former suit was produced is situated a few hundred feet—probably 1,200 or 1,500 feet—northward from the well from which the oil in contest in this case was produced. The tract of land on which both wells are located is one and the same continuous formation adjacent to Lots 4 and 5 of Section 31. In the former suit the contest was between the State of Louisiana represented by the State Mineral Board and the Register of the State Land Office, on the one side, and the owners of Lot 4, on the other side. The issue in that case was the same as it is in this case; that is, the owner of Lot 4 claimed the land by accretion, and the State claimed it as being a part of what was once the bed of a navigable body of water, called Grand Lake, or Arm of Grand Lake. It was decided in the former case that the body of water, called Arm of Grand Lake, on the edge of which the deposit was formed was a running stream, and therefore that the land which was thus added to Lot 4, situated on the shore of the stream, was alluvion

and therefore belonged to the owner of Lot 4. The evidence in the present case convinces us that the decision in the former case, that the Arm of Grand Lake was a running stream, and that the land on which the well was located was alluvion .formed on the shore of the stream, was correct. The alluvion therefore belonged to the owner of the lot situated on the edge of the water, under the provisions of article 509 of the ·Civil Code.

The only difference between that case and this is that the location of the well in this case is nearer to the place where the so-called arm of Grand Lake enters into and becomes a part of Grand Lake itself. The appellants, therefore, make the alternative contention that the location of the well is in fact not on the shore of the Arm of Grand Lake but on the shore of Grand Lake itself, and hence that the land on which the well is located is not alluvion.

Considering that the formation of the land on which is located the well from which the oil in contest in the present case was produced is a continuation of the formation of land on which was located the well from which the oil in contest in the former suit was produced, and considering the proximity of the two wells, our conclusion is that the title to the land in question in this case is governed by the decision in the former case, entitled Amerada Petroleum Corporation et al. v. State Mineral Board et al., 203 La. 473, 14 So.2d 61.

The judgment is affirmed.