PONDER, Justice.
This is the second concursus proceeding brought by the California Company to ascertain the ownership of funds from oil wells drilled under the leases from the State of Louisiana and the Price-Beckwith group.
Previously, on May 23, 1951, the California Company instituted concursus proceedings to determine the ownership to funds derived from oil wells drilled by it in the waters of Grand Bay located in Sections 20 and 22 T. 19 S Range 18 E. It is alleged in the petition that the fund in petitioner’s possession is continually accruing and that petitioner is entitled to deposit the money from time to time as it accrues in accordance with LSA-R.S. 13:4817. Petitioner further alleged “that additional producing wells may be brought in at other locations subject to the same controversy, and that petitioner is likewise entitled to deposit *343 therein any monies accruing to the one-eighth royalty interest in said additional wells.” It is alleged in the petition that the California Company is the owner of a lease executed by the Price-Beckwith group purporting to cover various water bottoms and in particular a large portion of Grand Bay in Plaquemines Parish which areas are also covered by an oil, gas, and mineral lease executed to the California Company by the State of Louisiana and that there is a controversy between these persons respecting the ownership of such water bottoms. The petitioner then prayed that it be authorized to deposit in the registry of the court the sums accrued referred to in the petition and that it be authorized to make further deposits from time to time as additional amounts accrue in its possession, representing the value of the one-eightli royalty interest in all oil, gas and other minerals extracted by petitioner from the water bottoms covered and included under the lease from Isaac R. Price, et al. and also lying within the limits of State leases 1785 and 1786 until all conflicting claims with respect to such minerals and the proceeds thereof have been finally and completely adjudicated.
The state and its agencies in answer to the concursus proceedings averred that the producing wells are located in areas that now or formerly constituted the beds of Grand Bay and are a part of the property leased-by the State of Louisiana to the California Company which portion of Grand Bay is owned by the State. The State averred that the Price-Beckwith group’s lease was null and void insofar as it purported to include and cover the property owned by the State and leased to the California Company.
In their answer the State sought to limit the deposit in the registry of the court to production from wells described in plaintiff’s petition and in the alternative they asked if additional deposits were authorized from other wells that the State be entitled to the funds as lawful owner of all areas described in the State’s leases. It is averred in the answer that the State is the owner of this portion of Grand Bay because it is an arm of the sea and insusceptible of private ownership.
The Price-Beckwith group claimed ownership of that portion of Grand Bay by virtue of a patent executed by the state in favor of John Beckwith covering these lands and other lands executed on Nov. 4, 1874. It appears from the answer of the PriceBeckwith group that they contended that they were entitled to the royalty interest from all of the lands covered by the lease and the funds on deposit or which may hereafter be deposited derived from minerals produced from said lands.
Subsequently the California Company filed supplemental petitions asking the court to supplement the general order authorizing the deposit so as to apply to additional wells *345 that were brought in since the filing of the original petition and located in Sections 17, 19, 20, and 22.
The Price-Beckwith group also took the position that their patent covering this portion of Grand Bay and other lands was unassailable by virtue of Act 62 of 1912, LSA-R.S. 9:5661 which provides that all proceedings brought by the State to annul patents must be brought within six years of the issuance of the patent, provided that suits to annul patents previously issued shall be brought within six years from the passage of the act.
Upon trial the district court held that Grand Bay was insusceptible of private ownership and gave judgment in favor of the State recognizing the State to be the owner of the funds on deposit and all additional funds that may hereafter be deposited, said funds representing the one-eighth royalty interest under the provisions of the State’s lease described in Article III of the petition of the plaintiff, the California Company, and attributable to the production from the eight wells located in Grand Bay. On appeal this Court reversed the judgment of the lower court and held in the original opinion that the Price-Beckwith group was the owner of that portion of Grand Bay covered by the leases by virtue of the Beck-with patent aud Act 62 of 1912 and gave judgment recognizing the Price-Beckwith group as the owner of the funds on deposit as well as all additional funds that may hereafter be deposited, representing the one-eighth royalty due under the provisions of the lease executed by the Price-Beckwith group to the California Company and attributable to the production from the eight wells situated in the bed of Grand Bay.
On rehearing this judgment was reinstated as the final judgment in the case. In the original opinion and the opinion handed down on rehearing it is apparent that the conclusion reached by the court was based on the ownership of that portion of Grand Bay covered by the leases in order to determine who was entitled to the one-eighth royalty provided for in the leases. See California Co. v. Price, 225 La. 706, 74 So.2d 1.
The concurring and dissenting opinions were also based on the ground that title was at issue.
In the present concursus proceedings instituted on June 16, 1954 by the California Company impleading the State and the Price-Beckwith group, under the provisions of the same leases involved in the prior concursus proceedings, California Co. v. Price, supra, the California Company seeks to determine who is the owner of the one-eighth royalty deposited in the registry of the court derived from seven producing wells drilled by the California Company in that portion of Grand Bay covered by these same leases and located in Sections 17, 18, 20, 21 and 22.
In this suit the State again claims title to the property by virtue of that portion of *347 Grand Bay covered by the lease being- ah arm of the sea, and therefore insusceptible^ of private ownership and contends that the Beckwith. Patent is null and void. While on the other hand, the Price-Beckwith group relies on the same patent asserting that they are owners by virtue of the patent and Act 62 of 1912 which was passed on in the first Price case.
It appears that the Price-Beckwith group filed a plea of res judicata and judicial estoppel based on the ground that the issues presented in this second concursus proceeding were the same as presented in the first concursus proceeding involving the same cause of action between the saíne parties for the one-eighth royalty from production under the leases covering the same portion of Grand Bay.
After a trial on the merits of the case, the lower court sustained the plea of res judicata and judicial estoppel. The State has appealed.
Counsel for the State contends that title to only the well sites of the eight wélls was at issue in the first Price case; that the opinion of the court constitutes no part of the judgment or decree; that the decree or judgment in the first Price case was limited to distribution of the funds procured from those eight wells which are located at different points in Grand Bay than the seven wells involved in the present concursus proceeding...-. ; . . >
Article 2286 of the LSA-Civil Code provides :
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Under the provisions of Article 539 of the Code of Practice:
“Definitive or final judgments are such as" decide all the points in controversy, between the parties.
“Definitive judgments are such as have the force of res judicata.”
In a concursus proceeding involving royalties deposited in the registry of the court it is necessary to determine the ownership of the land or royalty right in the land in order to determine the ownership of the funds; and the judgment in such a suit adjudicates title to the land or royalty right as between the defendants who appear and claim it adversely to each other. Amerada Petroleum Corporation v. State Mineral Board, 203 La. 473, 14 So.2d 61; Amerada Petroleum Corporation v. Case, 210 La. 630, 27 So.2d 431; Richardson & Bass v. Board of Levee Commissioners, 226 La. 761, 77 So.2d 32. This rule would apply to the present case because the parties herein are *349 claiming royalties under the leases covering the portion of Grand Bay, the title of which was in dispute in the first Price case. In order to determine who was entitled to the funds derived from production under those leases it was necessary to determine who was the owner of the land or in other words who was the lessor.
The judgment in the first Price case insofar as it decrees the Price-Beckwith group to be the owners of the royalty proceeds is but an incident to the object of the litigation, viz. adjudication of title, because the validity of the title would have to be determined in order for the court to decide who was entitled to the funds. Moreover, the decree in the first Price case recognized the Price-Beckwith group as the owners of the funds on deposit as well as all additional funds that may be deposited representing the one-eighth royalty due under the provisions of the lease described in Article I of the original petition of the plaintiff, the California Company. The lease referred to in Article I of plaintiff’s petition is the PriceBeckwith lease.
It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal. Heroman v. Louisiana Institute, 34 La.Ann. 805; Buillard v. Davis, 185 La. 255, 169 So. 78; Metropolitan Bank v. Times-Democrat Publishing Co., 121 La. 547, 46 So. 622; Pitts v. Neugent, 187 La. 694, 175 So. 460.
Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings. Heroman v. Louisiana Institute, supra; Buillard v. Davis, supra; Succession of Fitzgerald, 192 La. 726, 189 So. 116; Quarles v. Lewis, 226 La. 76, 75 So.2d 14; Brown Land & Royalty Company v. Pickett, 226 La. 88, 75 So.2d 18.
The State seems to be under the ¡impression that the common law doctriné'of judicial estoppel is hot recognized in this State but the cases herein referred to have recognized and applied that doctrine. The State is under the impression that the cases of Buillard v. Davis, supra, and Heroman v. Louisiana Institute, supra, were expressly overruled in the Quarles case. They rely on a footnote in the Quarles decision which they say overrules the above referred to cases. It is stated in the footnote'that'these cases appear to be out of line with the rest of the jurisprudence but it was never the intention of this Court to overrule those case's. In fact, the doctrine of judicial estoppel was specifically recognised in the Quarles case.
*351 The concursus statute, LSA-R.S. 13 :4811 et seq., was passed in order to avoid a multiplicity of suits and actions and it contemplates a proceeding leading to one judgment which finally adjudicates all issues between the parties. Amerada Petroleum Corporation v. State Mineral Board, supra; Placid Oil Co. v. George, 221 La. 200, 59 So.2d 120.
Insofar as the State’s contention that only the well sites of the eight wells was at issue in the first Price case, it is pertinent to note that in the original petition filed by the California Company therein it asked that it be authorized to make further deposits from time to time from additional wells that may be brought in on adjoining property under the lease in different locations. In its answer the State in the first suit sought to restrict the decision to the wells set out in the original petition without avail and the court allowed the California Company by supplemental petitions to deposit the funds from wells in different sections than those listed in the original petition which were brought in after 'the suit was filed and issue joined.
As to the contention that the opinion of the court constitutes no part of the decree it is significant that the decree not only recognized the Price-Beckwith group as the owners of the funds on deposit but recognized them to be the owners of all additional funds that may hereafter be deposited representing the one-eighth royalty due under the provisions of the Price-Beckwith lease.
Cases have been cited wherein it was stated that the reasons for rendering a decree do not form part of a decree and that the decree only may be set up as res judicata. We have examined the cases cited containing this statement and find that no such statement was made in any concursus proceeding. The concursus proceeding is a statutory proceeding entirely distinct from other proceedings provided for by our law. Its purpose is to avoid a multiplicity of suits and to settle all of the issues raised therein as to the ownership of the funds.
In the present case both of the contestants are relying on a royalty interest provided for in the leases which cover that part of Grand Bay in dispute herein. In order to arrive at who was entitled to these funds, it was necessary to pass on the validity of the leases and the ownership of the land covered by the leases.
If the contentions urged herein were followed to their ultimate end it would require a concursus proceeding to be filed every time a well was drilled on the leased premises, which would in fact create a multiplicity of suits instead of carrying out the purpose of the statute to avoid a multiplicity of suits and to set at rest the issues between the parties for all times.
Since the issues in this case are an attempted re-hash of the issues raised and ad *353 judicated in the first Price case, the pleas of res judicata and judicial estoppel are well founded.
After the appeal in this case had been re-argued and submitted, the State filed a motion asking this Court to set aside the judgment of the lower court and remand the case in order that L. Bowman Kinchen and Mary V. Alford Kinchen be made parties to these proceedings and in the alternative that the case be remanded for the limited purpose of allowing evidence to be offered and a determination be had by the lower court as to whether or not these parties are in fact necessary and indispensable parties to this proceeding.
The California Company appeared herein and directed the court’s attention to the fact that a notice of lis pendens had been filed in these proceedings and recorded in Plaquemines Parish on July 27, 1954 and that the deed to the royalty interest of the Kinchens was not recorded until September 9, 1954.
From an examination of the record, it appears that this proceeding was filed in the lower court on June 16, 1954 and that the California Company filed in the mortgage records of Plaquemines Parish on July 27, 1954 a statutory notice of lis pendens.
It appears that the Kinchens acquired a Meo royalty interest on June 1, 1951 from Isaac Price and Richard F. Price, to become effective on February 1, 1951 but the deed to this royalty interest was not recorded until September 9, 1954. The Prices and the Kinchens in answer to the motion to remand filed an affidavit in this Court setting forth that the Prices have been fully empowered and remain fully empowered to represent the Kinchens in all matters pertaining to their royalty interest and that settlements have been made to the Kinchens and shall continue to be made from time to time. This affidavit is signed by the Prices and by the Kinchens.
The State contends that the lis pendens is ineffective because it was not filed contemporaneously with the filing of the concursus proceeding. They rely on a statement in the case of Continental Securities Corporation v. Wetherbee, 187 La. 773, 175 So. 571, 582, to the effect: “In view of the purpose of Act No. 22 of 1904, as explained by this court in several cases, it was intended by the lawmakers, we think, that the notice of lis pendens should be filed and registered in the mortgage records contemporaneously with the filing of the suit affecting title to real estate.”
We have examined that case and find that the lis pendens therein was not filed and recorded until after the judgment was rendered by the lower court. We find no fault with the decision in that case because certainly the lis pendens, having been filed after the judgment was rendered, was ineffective. The statement in the Wetherbee *355 case that the lis pendens must be filed contemporaneously with the suit does not conform to the provisions of LSA-R.S. 13:3541 because the notice must set forth the title and number of the suit which in many instances cannot be ascertained until the case is allotted and given a docket number. The notice in this case was filed long before the case was tried in the lower court and sufficiently notified all parties of the pendency of the suit. The purpose of the notice is to inform the world of a pending action affecting title to real estate and persons who have real rights that are not placed of record must assert such rights in the proceedings or be bound by the final judgment rendered in the case. As we see it, the Kinchens are bound by the judgment and therefore are not necessary parties to this proceeding. Moreover, they have signified by the affidavit filed in this court, their willingness to be so bound.
The State contends that the California Company being a mere stakeholder and not a party in interest, was without right to file the statutory notice. We are not impressed with this contention because it is encumbent upon the person instituting the concursus proceedings to notify all parties, within the knowledge of the applicant, claiming an interest in the fund. If the applicant should not be apprised of a claim because it was not placed of record, in order to be relieved of all liability it must necessarily file a notice of lis pendens. The motion to remand is denied.
On March 13, 1957 the State and its agencies filed in this Court a plea of res judicata and moved to remand the case in order that evidence be taken with reference to the plea of res judicata. The plea of res judicata is based on the contention that the State had been decreed the owner of the property in the case of Gulf Refining Company v. Price, 5 Cir., 232 F.2d 25. We have examined that case and find that it does not support the plea of res judicata. It merely recognized the Price-Beckwith group to be the owners of Sections 22 and 27, T. 19 S Range 18 E, located in Plaque-mines Parish, and annulled any claim that the Gulf Refining Company had to any portion of the lands adverse to the Price-Beck-with group’s title. The State was not a party to the suit and it appears that the Gulf Refining Company disclaimed any title or interest in these two sections of land that was the subject of the controversy. In that case the court gave summary judgment on the face of the pleadings and Gulf Refining Company was denied certiorari by the United States Supreme Court on January 21, 1957. See 352 U.S. 981, 77 S.Ct. 380, 1 L.Ed.2d 365. Accordingly, this plea of res judicata and this motion to remand are denied.
On March 15, 1957 the State moved to remand the case, reiterating the motions *357 previously filed in the cause, or in the alternative to permit a re-argument of the case. It is further urged in the alternative that this Court maintain this concursus proceeding in status quo until a suit for slander of title now pending in Plaquemines Parish be decided, which it is averred will dispose of the questions presented in this litigation.
We have considered the previous motions filed in this case and denied them. There would be no purpose gained by permitting a re-argument of this case because this case has been argued and re-argued and held under consideration by this Court for almost a year and there is nothing set out in the motion but what has already been carefully considered by us.
We would not be justified in holding this case in status quo until the slander of title suit is tried and decided for the reason that the issues in this concursus proceeding have already been disposed of in the first concursus proceeding in the case of California Company v. Price, supra.
For the reasons assigned, the judgment of the lower court sustaining the pleas of res judicata and judicial estoppel is affirmed.
HAWTHORNE, J., concurs.
FOURNET, C. J„ and SIMON, J., dissent.