Isaac R. PRICE et al., Richard F. Price et al.,

v.

Chester A. USURY, District Director, Internal Revenue, La.

Nos. 10698 CA, 10697 CA.

United States District Court
E. D. Louisiana.

Oct. 3, 1962.

Donald Doyle, New Orleans, La., for plaintiffs.

Jerome Reso, Fort Worth, Tex., for defendant.

FRANK B. ELLIS, District Judge.

This case involves the disallowance, by the District Director of the Internal Revenue, of certain deductions for expenses on the 1957 income tax returns of Isaac R. Price and his wife, Alice, and Richard F. Price and his wife, May.[1] The disallowed deductions represented attorney fees expended by the taxpayers in prosecuting a claim in a concursus proceeding in Louisiana State Court arising out of oil royalty payments owned by the California Company.

Taxpayers deducted these attorney fees as ordinary and necessary expenses under 26 U.S.C.A. § 212. The District Director disallowed the deductions on the grounds that the expenditures for attorney fees should have been capitalized as funds expended in defense of title to property.

The facts are relatively simple. Plaintiffs claimed ownership to certain property in Plaquemines Parish, Louisiana, through ancestral patents from the State of Louisiana. The State also asserted ownership of the land. The California Company obtained leases from both the State and the taxpayers and drilled oil wells on the property. Since the persons or person to whom royalty payments should be made was uncertain because of the adverse claims, the California Company provoked a concursus proceeding under Louisiana law[2] and paid the royalties into Court. In the subsequent contest between the taxpayers and the State, the taxpayers prevailed; title was declared to be in the taxpayers by the Louisiana Supreme Court;[3] and the royalties were paid to the taxpayers. This was the first Price case. The taxpayers included the royalties on their income tax returns for that year and also deducted the attorney fees as an expense. The District Director disallowed those fees as being a capital expenditure and the taxpayers acquiesced and paid the deficiency.

Subsequently, the California Company paid additional royalties for other wells on the same property into Court and again called the taxpayers and the State to make their claims in a concursus proceeding. Again the State asserted ownership of the property. Taxpayers pleaded res judicata on the question of title and right to the royalties and they were upheld on this plea by the Louisiana Supreme Court.[4] This was the second Price case. On the taxpayers' 1957 Income Tax Return, the royalties from the second Price case were included as income and the attorney fees expended in the second Price case were deducted as ordinary and necessary expenses. The District Director again disallowed them;

---

1. These suits for refund were filed separately by each taxpayer and his wife and subsequently consolidated.

2. LSA–R.S. 13:4811.

3. California Co. v. Price, 225 La. 706, 74 So.2d 1.

4. California Co. v. Price et al., 234 La. 338, 99 So.2d 743.

the taxpayers paid the deficiency and sued for the amount of the alleged overpayment. Since there were no material facts in issue, both parties moved for summary judgment and that is where the matter stands at bar.

The question for decision is whether the legal fees in the second Price case are expenses for the production of income under Internal Revenue Code of 1954, 26 U.S.C.A. § 212,[5] or a capital expenditure under Internal Revenue Code of 1954, 26 U.S.C.A. § 263.[6] The applicable Treasury Regulations state that an expense may be deducted under § 212 if it is ordinary and necessary and for the purpose of production or collection of taxable income or for the maintenance, management, or conservation of property held for the production of income.[7] Those same regulations provide that the cost of defending or perfecting title to property is a capital expenditure under § 263.[8] If the former section applies the taxpayers prevail. If the latter section applies, the government prevails.

The question of whether an expense is ordinary and necessary is generally for the trier of fact, in this case the District Court. Trust of Bingham v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670. "The standard", it is said, "is not a rule of law; it is rather a way of life." Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212. Generally, as to legal fees in law suits, it may be said that as an expense they are ordinary and necessary, "since a suit ordinarily and, as a general thing at least, necessarily requires the employment of counsel and payment of his charges." Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L. Ed. 505. In this Circuit the question of the "ordinary and necessary" quality of legal fees has never been much in question. See Bliss v. Commissioner, 5 Cir., 57 F.2d 984; Allen v. Selig, 5 Cir., 200 F.2d 487; Campbell v. Fields, 5 Cir., 229 F.2d 197. Since it matters not that the suit may happen once in a lifetime, Welch v. Helvering, supra, while in fact this one happened twice, there seems to be no question that the legal fees in the second Price case were at least ordinary and necessary, and this Court so finds.

Whether or not the legal fees in the second Price case were capital expenditures within the intendment of § 263 requires an analysis of what was in-

---

5. 26 U.S.C.A. § 212
"In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
"(1) for the production or collection of income;
"(2) for the managment, conservation, or maintenance of property held for the production of income; or
"(3) in connection with the determination, collection, or refund of any tax."

6. 26 U.S.C.A. § 263
"(a) General Rule.—No deduction shall be allowed for—
"(1) Any amount paid out for the new building or for permanent improvements or betterments made to increase the value of any property or estate. This paragraph shall not apply to * * *."

7. Treasury Regulations on Income Tax (1954 Code)
"Sec. 1.212–1 NONTRADE OR NONBUSINESS EXPENSES

"(a) An expense may be deducted under Section 212 only if—
"(1) It has been paid or incurred by the taxpayer during the taxable year (i) for the production or collection of income which, if and when realized, will be required to be included in income for Federal income tax purposes, or (ii) for the management, conservation or maintenance of property held for the production of such income, or (iii) in connection with the determination, collection or refund of any tax; and
"(2) It is an ordinary and necessary expense for any of the purposes stated in subparagraph (1) of this paragraph."

8. Treasury Regulations on Income Tax (1954 Code)
Sec. 1.263(a)–2 EXAMPLES OF CAPITAL EXPENDITURES
The following paragraphs of this section include examples of capital expenditures:
(c) The cost of defending or perfecting title to property.

volved in that suit. In the first Price case the title to income-producing land was definitely in issue and the legal fees were a logical addition to the cost of the property. To this the taxpayers agreed. Due to the concursus proceeding in the second Price case, the taxpayers were required by state law [9] to respond to the suit even though it was nothing more than a "re-hash"[10] of the first Price case. For reasons best known to itself the State of Louisiana chose to re-challenge the title on the same grounds that had proved fruitless a short time before. There is nothing in the doctrine of res judicata which suggests that its application in a title suit is a re-vesting of the title in the previously victorious litigant. Taxpayers tested their title in the first Price case and they were not called upon to protect it again in the second Price case. Any legal fees expended in the second Price case were the result of complying with the State legal procedure in an effort to acquire income from property previously vested in the taxpayers. This is clearly not a defense of title.

Even when title is, in a sense, defended but not actually perfected by the suit, the legal fees expended are deductible as ordinary and necessary expenses in the maintenance and conservation of property held for production of income.[11] More to the point, the principle of Bliss v. Commissioner, 5 Cir., 57 F.2d 984, reaffirmed in Allen v. Selig, supra, and Campbell v. Fields, supra, seems particularly applicable to this case:

"To treat as an addition to the cost of land the amount on an expenditure made, after ownership was acquired, to enable the owner, his agent or lessee, to possess and use the land for business purposes, undisturbed by intruders or trespassers, would involve a disregard of the difference between the cost of acquiring ownership of property and expenses paid or incurred to protect the owner's right to undisturbed possession and enjoyment of his property, *and what it yields or produces*, by himself, or his agents or lessees." Bliss v. Commissioner, supra, at 986 of 57 F.2d (Emphasis added)·

The distinction between allowable deductions for legal fees under § 212 and a capitalized item under § 263 is made even more clear by the distinction noted in Campbell v. Fields, supra, at 203 of 229 F.2d:

"Here the controverted deductions were not made for acquiring property or defending title to property, nor for the purpose of converting one kind of property into some different kind of property. Here the expenses were incurred in order that the taxpayers might realize and enjoy the income from the property."

Similarly, in the second Price case the taxpayers were not attempting to prove their title to the oil producing land, nor were they converting that property, nor were they defending the title to the land since it never was in issue. They were simply seeking to realize and enjoy the income from property which, under the laws of Louisiana, required that they respond to a concursus proceeding. The cases[12] cited by the government are more properly addressed to the first Price case in which title was definitely in issue although ownership of the royalties was a tangential consideration. Those cases can have no application to the case before us. *The taxpayers are entitled to recover the amount of the over-payment caused by the disallowance of the legal fees in the second Price case.*

---

9. LSA–R.S. 13:4815.

10. California Co. v. Price et al., 234 La. 338, 99 So.2d 743, 748.

11. Hochschild v. Commissioner, 2 Cir., 161 F.2d 817.

12. Jones Estate v. Commissioner, 5 Cir., 127 F.2d 231; Burton Sutton Oil Co. v. Commissioner, 5 Cir., 150 F.2d 621; Louisiana Land & Exploration Co. v. Commissioner, 5 Cir., 161 F.2d 842.