181 So.2d 455 (1965)
COATES EQUIPMENT & SERVICE, INC.
v.
B. Harry GLOVER et al.
No. 6498.
Court of Appeal of Louisiana, First Circuit.
December 21, 1965.
*456 Walton J. Barnes, Baton Rouge, for appellant.
Robert E. Tillery, of Nesom & Mellon, Denham Springs, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
Plaintiff, Coates Equipment & Service, Inc., instituted action against the hereinafter named defendants on an alleged oral contract to construct certain works and has taken this appeal from the judgment of the trial court rejecting and dismissing its said demand on defendants' pleas of res judicata.
Appellant's petition recites that Gus Warren Coates, President of plaintiff corporation, entered into an oral contract or agreement on behalf of the corporation with defendants, B. Harry Glover, Janie S. Glover and Louisiana Automobile Racing Assn., Inc., (sometimes hereinafter referred to as "appellees"), in November, 1962, for the construction of a race track near Denham Springs, Louisiana, on property owned by defendants, B. Harry Glover and Janie S. Glover, which said facility was to be operated by defendant, Louisiana Automobile Racing Assn., Inc. Plaintiff further avers that in compliance with its said contract, the agreed work was completed at a total cost of $31,796.06, of which *457 sum a balance of $17,210.98 remains unpaid. The petition next asseverates that as evidence of the unpaid balance due on the account owed by appellees, defendant B. Harry Glover executed an installment note in the amount of said balance, payable to the order of himself and by him endorsed in blank, solely for the purpose of accommodation. Plaintiff's complaint next states the aforesaid note, secured by a mortgage on certain property of the maker, was delivered to Gus W. Coates who subsequently instituted suit thereon in his own name against the maker and endorser, B. Harry Glover, in proceedings entitled "Gus Warren Coates vs. B. Harry Glover," No. 12,244 on the docket of the Twenty-first Judicial District Court, Livingston Parish. According to appellant, in the aforesaid suit Number 12,244, the court found the note sued upon was only accommodation paper while appellees contend the court found the note was void for lack of consideration. The record in Suit Number 12,244 was not introduced in evidence in the instant matter but such circumstance is not material to the case at hand inasmuch as the judgment in the prior suit has now become final and binding considering no appeal was taken therefrom.
To appellant's petition a peremptory exception denominated "No Right of Action" was filed on behalf of defendant, Louisiana Automobile Racing Association, Inc., on the ground that "plaintiff has stated no right of action * * * because the matter is now res judicata * * *" On behalf of defendants, B. Harry Glover and Janie S. Glover, a peremptory exception termed one of "No Right or Cause of Action" was filed predicated on the following grounds: First, that "it discloses no right of action in that the alleged obligation * * * if any * * * is a corporate indebtedness * *" of the defendant Louisiana Automobile Racing Association, Inc.; second, that "* * * it appears affirmatively from the face of plaintiff's petition that there is no consideration whatsoever for the alleged indebtedness * * *;" third, that "* * plaintiff's petition should be dismissed as stating no cause or right of action because the matter is now res judicata * * *." The trial court sustained defendants' exceptions on the ground that the matter is res judicata and counsel in brief before this court have limited their argument to the pleas of res judicata. The exceptions of no right and no cause of action have not been reurged on this appeal.
As correctly pointed out by illustrious counsel for appellant, the doctrine of res judicata is predicated on LSA-C.C. Article 2286 which provides that the authority of the thing adjudged takes place only with respect to that which was the object of the judgment. The article expressly provides that for the principle to apply the thing demanded must be the same; the demand must be founded on the same cause of action and the demand must be between the same parties and formed by them against each other in the same quality. It is settled jurisprudence that the rule of res judicata thusly announced is stricti juris and cannot be invoked unless all elements prescribed are present. Lloveras v. Reichert, 197 La. 49, 200 So. 817; Bank of Terrebonne & Trust Co. v. Marcel, La.App., 102 So.2d 539; Hart v. Hardgrave, La. App., 103 So.2d 910; Terrebonne v. Arabie, La.App., 132 So.2d 106; Rouseo v. Atlas Finance Co., La.App., 167 So.2d 495.
Likewise the plea of res judicata cannot be raised against a litigant who was not a party to the former suit. LSA-C.C. Article 2286; Williams v. Marionneaux, 240 La. 713, 124 So.2d 919. Esteemed counsel for appellees, however, maintains that on this issue the rule is that matters once determined by a court of competent jurisdiction may never be called into question by the parties to the suit or their privies, citing in support of said argument Buillard v. Davis, 185 La. 255, 169 So. 78; Succession of Fitzgerald, 192 La. 726, 189 So. 116; California Company v. Price, 234 La. 338, 99 So.2d 743.
*458 Able counsel for appellant contends that the pleas of res judicata were improperly sustained by the trial court not only because the parties plaintiff in the former and present actions were different, but also because the subject matter of causes are separate and distinct. In this connection it is pointed out the former action was a suit by an individual upon a note whereas the present demand is by a corporation seeking to collect the balance allegedly due pursuant to an oral contract. In support of this position counsel for appellant cites and relies upon Weiser v. Di Cristina, 221 La. 306, 59 So.2d 401; Rouseo v. Atlas Finance Co., La.App., 167 So.2d 495. In turn, counsel for appellees counters appellant's stated position by invoking the rule of judicial estoppel announced in California Company v. Price, 234 La. 338, 99 So. 2d 743, to the effect that the principle of res judicata applies to every material allegation or statement made on one side in the former proceeding and denied by the opposing litigant and which was adjudicated in the court of the action.
Our consideration of the Price case, supra, reveals that it has unquestionably to some extent broadened the scope of the principle of res judicata as set forth in LSA-C.C. Article 2286 and the jurisprudence interpretative thereof prior to the Price decision. As we appreciate the holding in California Company v. Price, supra, in disposing of a plea of res judicata it may become necessary to determine whether the second action depends upon a fact put at issue and determined in the prior proceeding. In the present instance, however, it has not been shown that such is the case. It will be recalled the prior action with which we are herein concerned with a demand on a promissory note by an individual claiming to be its holder. The instant matter seeks recovery of the balance allegedly due under an oral contract to perform a specified work. While the amount of the note involved in the former suit is the same as the balance allegedly due under the contract herein declared upon, neither party appears to contend the note was given in representation of the debt due on the contract. On the contrary, appellant maintains the note was given as an accommodation in order that plaintiff in the former action, Gus W. Coates, might pledge it for a loan to be advanced Coates Equipment & Service, Inc., the plaintiff in the case at bar, while appellees argue that the maker of the note was not personally bound under the contract which is the subject matter of the present action. It appears elementary that if the debtor on the note and the obligor on the alleged oral contract are not the same parties, the actions in question cannot be founded on the same debt. It follows, therefore, the former suit on the note was an entirely distinct and different cause of action from the present monetary demand for the balance due on an alleged verbal contract.
Assuming arguendo, issues relative to the instant matter were resolved in the prior action, it still remains to be determined whether the parties to the present suit are the same and are therefore bound thereby.
Appellees forcefully maintain that Coates Equipment & Service, Inc. is a "privy" of Gus W. Coates who, according to the present petition, was president of the corporation when the alleged oral contract was executed. In their brief before this court, appellees state they "believe" Gus W. Coates is still president of the corporation; they further "believe" Coates was the promoter, organizer and major, if not sole, stockholder of said corporation; they also contend appellant corporation is the alter ego of Coates. The basis for such expressed "beliefs" do not appear of record.
A "privy" has been defined in Baker v. Baker, La.App., 21 So.2d 514, as one who has succeeded to some right or obligation which one of the parties to an act derived through or incurred pursuant to the act concerned. In Hart v. Hardgrave, La. App., 103 So.2d 910, our brethern of the Second Circuit defined "privy" as one who is a partaker or has some part or interest *459 in an action, matter or thing. The court also held, inter alia, that an unsuccessful suit against an insured does not bar subsequent action against his liability insurer.
While appellees have cited numerous authorities pronouncing the general rule that the authority of the thing adjudged applies to the parties and their privies, our examination of the quoted cases reveals none in which the term "privy" is defined. Our own independent research of the jurisprudence impels the conclusion that, with respect to application of the principle of res judicata, the term "privy" refers to and encompasses representatives and successors, including any person having a legal right or interest in the subject matter of the prior suit derived through succession or assignment from the litigant who asserted the right; or any person whose legal right or interest in the subject matter of the prior suit was asserted by his legal representative such as the husband as head and master of the community representing the community interest of the wife, or the tutor asserting the interest of his minor ward.
We are unaware of and have been cited no authority permitting a corporation to sue on a private right of its major stockholder or allowing its major stockholder to individually assert the rights of the corporation as a corporate representative or agent. In each such instance the proper party to assert the right is the person possessing a right or interest in the subject matter of the suit, or who may be sued in a representative capacity, irrespective of whether said person be a natural individual or a corporation endowed with personal entity by legal fiction. Nothing before us indicates Gus W. Coates to be the successor, assignee of representative of Coates Equipment & Service, Inc. Under such circumstances said individual cannot be the "privy" of the corporate plaintiff in the present action.
The doctrine of res judicata is not intended to avert a multiplicity of suits by parties lacking a justiciable interest in the subject matter of an action. Such eventuality may readily be avoided by the timely and proper utilization of the exception of improper cumulation of actions, improper joinder of parties and the exceptions of no right and no cause of action.
For the reasons hereinabove set forth, the judgment of the trial court sustaining defendants' peremptory exceptions of res judicata is reversed and judgment rendered herein overruling said exceptions of res judicata and remanding this matter to the trial court for further proceedings. Assessment of costs to await final determination of this matter.
Reversed and remanded.