278 So.2d 173 (1973)
Herman J. BORDELON
v.
Harold K. LANDRY et al.
No. 5137.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1973.
*174 Jesse S. Guillot, New Orleans, for plaintiff-appellant.
Albert H. Hanemann, Jr., New Orleans, for Ford Motor Co., defendant-appellee.
Curtis R. Boisfontaine, New Orleans, for Harold K. Landry and Millers Mutual Fire Ins. Co., defendants-appellees.
Before SAMUEL, REDMANN and STOULIG, JJ.
SAMUEL, Judge.
As the result of an automobile accident on May 9, 1965 two law suits were filed, one in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines and the other in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. After the Plaquemines suit had been tried and decided, three of the litigants therein, who also are defendants in this the Jefferson suit, Harold K. Landry, Millers Mutual Fire Insurance Company and Ford Motor Company, filed exceptions of res judicata and judicial estoppel in this case. The exceptions were maintained and the Jefferson suit was dismissed. Plaintiff has appealed from that judgment.
The accident occurred in Plaquemines Parish. It involved a Buick automobile operated by Landry and a Ford automobile driven by Mrs. Edna Spence Bordelon, wife of the plaintiff in this suit. Mrs. Bordelon died as a result of injuries sustained in the accident and her husband brought this suit in Jefferson for her death and for damages to his Buick against Landry, Millers (Landry's liability insurer) and Ford, manufacturer of the automobile driven by Mrs. Bordelon.
Plaintiff's petition alleges Landry was negligent in the operation of his vehicle and that there were defects in the Bordelon automobile, attributable to Ford, which also contributed to the accident. The defects were alleged to be a defective rear axle shaft, defective axle bearing, and defective bearing retainers.
The suit in Plaquemines Parish was filed by the present defendant, Landry, and his wife, who was a passenger in his automobile, for injuries incurred by them in the accident. Named as defendants in that suit were Herman Bordelon, the present plaintiff, and his liability insurer, Allstate Insurance Company. The Landry suit alleges the accident was caused by the negligence of the late Mrs. Bordelon in the operation of her motor vehicle. In the Plaquemines Parish suit Allstate filed a third party demand against Ford, alleging the Bordelon vehicle had latent defects consisting of an improperly constructed axle, axle bearing, axle bearing retainer and other improperly constructed parts.
After trial on the merits judgment was rendered in the Plaquemines case in favor of the plaintiffs in that suit, Mr. and Mrs. Landry, and against Bordelon, the plaintiff in this suit, and his insurer, Allstate. The Plaquemines judgment also dismissed the third party demand of Allstate against Ford.
The defendants in this suit contend the Plaquemines judgment adjudicated all issues of fact and law presented in the case now before the court and bars the claim of Bordelon against them by res judicata and by judicial estoppel. More accurately judicial estoppel is termed estoppel by judgment.
It is clear the issues presented to the courts in both cases were: (1) the negligence of Landry; (2) the negligence of Mrs. Bordelon; and (3) the negligence of Ford. It is also clear the nonliability of Ford was not determined on a derivative basis. That third party defendant was exonerated from negligence in the Plaquemines suit despite the fact that judgment was awarded on the main demand against Allstate, the third party plaintiff. Consequently, the trial judge in the Plaquemines suit by necessity had to make a separate and independent determination of Ford's liability.
*175 The Louisiana concept of res judicata, or the authority which the law attributes to the thing adjudged, is restrictive; our jurisprudence has strictly construed the codal article which is the basis of that doctrine. That article is Civil Code Article 2286, which provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." LSA-C.C. Art. 2286.
It can be seen by examining only one of these requirements that res judicata has no application in the present case. Article 2286 provides that the demand must be founded on the same cause of action. In this case the cause of action sued upon is the death of Mrs. Bordelon, while in the Plaquemines case the causes of action sued upon were the injuries sustained by Mr. and Mrs. Landry. In Hart v. Hardgrave, La.App., 103 So.2d 910, it was recognized that "cause of action" is not synonymous with "automobile collision." As pointed out in that matter a cause of action may or may not result from an automobile collision, and conversely several persons may each obtain separate causes of action resulting from a single automobile collision. We agree with the reasoning in Hart and hold, in conformity with the restrictive interpretation placed upon the concept of res judicata in Louisiana, that the two suits involved in this appeal were not founded upon the same cause of action and therefore a judgment in one cannot be the basis for a plea of res judicata in the other. This reasoning applies not only to the present defendants, Landry and Millers, but also to the other present defendant, Ford. Additionally as to Ford, the present plaintiff was not a party to Allstate's third party action against Ford in the Plaquemines suit and that demand was not between the same parties.
The exception of estoppel by judgment presents a more serious question. The late Dean McMahon succinctly explained the difference between res judicata in Louisiana on the one hand and common law res judicata and estoppel by judgment on the other as follows:
"To appreciate the difference between these two positions, subtle differences in approach and theory between the competing common and civil law rules must be recognized. Under civilian theory, the tests of identity to be applied are those of: (1) parties; (2) demands; and (3) causes of action. Under common law theory the tests of identity which must be applied are: (1) parties; and (2) issues. At common law, if the causes of action are the same, and these tests of identity are met, res judicata applies; and if the causes of action are not the same, but these tests of identity are met, estoppel by judgment applies."[1]
Until relatively recent times the concept of estoppel by judgment, derived from the common law, has not found judicial support in Louisiana. However, in some instances the Louisiana Supreme Court, in an apparent effort to ease the rigid requirements of our res judicata and to prevent the relitigation of issues which had been tried and decided, invoked and approved the use of the doctrine of estoppel by judgment.
The most important Supreme Court case invoking the doctrine is California Company v. Price, 234 La. 338, 99 So.2d 743, where the court granted writs in a concursus proceeding to determine the validity of a mineral lease. In an earlier case by the same name the validity of the same mineral lease had been adjudicated. The court said the parties were judicially estopped *176 from relitigating the legal validity of the mineral lease, and in so holding made the following statement:
"It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal.
Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings." (citations omitted.)
Subsequently in McKnight v. State, La. App., 68 So.2d 652, a Court of Appeal maintained an exception of res judicata in a suit against the State of Louisiana for the negligence of three state police officers where the same plaintiff previously had unsuccessfully sued the same three officers individually in a separate action. Seven years later in Williams v. Marionneaux, 240 La. 713, 124 So.2d 919, the Supreme Court approved the result reached by the Court of Appeal in the McKnight case, but said the case should have been decided on the basis of judicial estoppel as a "plea in bar" rather than on the basis of res judicata.
Other Supreme Court cases squarely hold that, with certain historical exceptions not applicable here, the common law rules of res judicata and estoppel by judgment do not apply in Louisiana.[2] As once said by now Justice Tate, the doctrine of estoppel by judgment "may or may not apply in Louisiana".[3]
The basic argument supporting application of the doctrine of estoppel by judgment is that it is unjust to allow a party, by rearrangement or addition of parties, to have access to another forum in which to make an attempt to recover a favorable judgment based on identical issues which have already been the subject of an unfavorable determination. However, application of estoppel by judgment under a broad consideration and without proper guidelines can also result in injustice. This would be true in the instant case, particularly with reference to Ford's exception of estoppel by judgment.
The only litigants in the third party demand in the Plaquemines suit were Allstate, the third party plaintiff, and Ford, the third party defendant. Bordelon, the plaintiff in this suit, was not a litigant. In that action no judgment could have been rendered against him or in his favor and he was without right to appeal from any judgment rendered. Thus, the question of latent defects has not been litigated as between the present plaintiff and Ford. In the Plaquemines suit the former has had no opportunity to offer evidence relative to those defects, if any, and their alleged connection with the accident; in an absence of the doctrine of estoppel by judgment he would have such an opportunity in this, the Jefferson suit, a fact upon which he could reasonably rely under our jurisprudence.
We feel the Supreme Court of Louisiana has never fully considered the question of the adoption of the doctrine of estoppel by judgment. Insofar as we know, the Court never has invoked the doctrine except in a general and peremptory manner without setting guidelines relative to necessary elements and limitations.
*177 In addition, this also should be said. To so adopt the common law doctrine effectively emasculates, indeed effectively repeals and renders meaningless, Civil Code Article 2286. As has been pointed out, that article, our only law of res judicata, always has been strictly construed. What constitutes estoppel by judgment obviously would include what constitutes res judicata under the article. Equally obviously, what constitutes estoppel by judgment would include far more than res judicata under the article. Thus, if our law includes the doctrine of estoppel by judgment there is no need and no point in ever considering res judicata. The question of adoption of the doctrine appears to be one which addresses itself to the legislature.
In the hope that the Supreme Court will grant writs and fully consider the adoption or rejection of estoppel by judgment, we hold that doctrine is not applicable in Louisiana.
For the reasons assigned, the judgment appealed from is reversed, the exceptions of res judicata and estoppel by judgment are overruled and dismissed, and this matter is remanded to the trial court for further proceedings. All costs in this court are to be paid by the defendants-appellees; all other costs are to await a final determination.
Reversed and remanded.
REDMANN, J., dissented in part with written reasons.
REDMANN, Judge (dissenting in part).
In my view the Plaquemines action necessarily decided, as between Landry and Bordelon, (1) Landry was not negligent and (2) Bordelon was negligent. Therefore Landry should not have to litigate those questions again and the dismissal of Landry and his insurer should be affirmed.
However, the Plaquemines action only decided Ford's liability as between Ford and Bordelon's insurer. Bordelon was not a party to that phase of the action. And the question of Ford's liability has not been decided as to Bordelon. I concur in reversing insofar as Ford is concerned.
NOTES
[1] The Work of the Louisiana Supreme Court for the 1957-58 TermCivil Procedure, 19 La. L.Rev. 390, 392.
[2] Hope v. Madison, 194 La. 337, 193 So. 666; Quarles v. Lewis, 226 La. 76, 75 So.2d 14; The Work of the Louisiana Supreme Court for the 1957-58 Term Civil Procedure, supra note 1.
[3] The Work of the Louisiana Appellate Courts for the 1967-68 TermPleadings, 29 La.L.Rev. 278.