*58 MOTION TO DISMISS
STOKER, Judge.
The defendant-appellee, Edward Carroll Lamb, moves to dismiss the appeal of the plaintiff-appellant, Janet F. Lamb, as not being timely filed.
We dismiss defendants-appellant’s appeal.
Plaintiff-appellant, Janet F. Lamb, on November 7, 1980, filed a petition for separation alleging abandonment and cruel treatment by her husband. On November 17,1980, defendant-appellee filed a separate lawsuit seeking a separation alleging cruel treatment and constructive abandonment by his wife.
On May 5, 1981, a motion was filed by appellant to fix a rule for alimony pendente lite. In response the defendant-appellee filed a dilatory exception alleging improper and illegal service of the petition upon a person not authorized to receive service on behalf of exceptor. On June 22, 1981, the exception was heard by the trial court and was taken under advisement. A written judgment was signed on July 18, 1981, by the trial court maintaining the exception and ordering the dismissal of plaintiff-appellant’s lawsuit for a separation. The Clerk of Court formally certified that a certified copy of that judgment was mailed to appellant on July 20, 1981, in accordance with LSA-C.C.P. art. 1913.
Plaintiff-appellant filed this appeal on September 22, 1981. On November 23, 1981, defendant-appellee filed this motion to dismiss this appeal as untimely.
LSA-C.C.P. art. 3943 provides that an appeal from a judgment granting or refusing “an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)-(3).”
LSA-C.C.P. art. 2087(l)-(3) provides that the time period in which a party may take an appeal shall commence from the date of the mailing of the notice of the court’s refusal to grant a timely application for a new trial or the expiration of the delay for applying for a new trial as provided by Article 1974 of the Code of Civil Procedure.
LSA-C.C.P. art. 1974 provides that the delay for applying for a new trial commences to run from the day after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913.
The trial court’s judgment dismissing appellant’s suit for separation from bed and board constitutes a judgment refusing to grant a separation from bed and board within the meaning of LSA-C.C.P. art. 3942; therefore, the thirty-day appeal period in that article is applicable though the judgment may have been erroneous and liable to certain reversal on appeal. California Company v. Price, 234 La. 338, 99 So.2d 743 (La.1957). Under LSA-C.C.P. arts. 1974 and 2087, the delay for applying for a new trial began to run on July 20, 1981, when the Clerk of Court mailed a certified copy of the judgment, and the thirty-day delay for appealing the judgment began to run seven days later.
Appellant, according to our calculations would have had until August 28, 1981, to have filed her appeal. Accordingly, the appeal taken on September 22, 1981, was untimely.
For the above and foregoing reasons, the appeal is dismissed, at the cost of defendant-appellant.
APPEAL DISMISSED.